JESSE MONROE v. LORENZO A. ROSE.

*Injuries by dogs—Comp. L., § 2065.*

The Michigan statute (Comp. L., § 2065) giving a right of action for certain injuries done by dogs, does not supersede common law actions.

A man was traveling the public highway in a sulky, driving with one hand, and with the other leading a mare that was followed by its colt. A dog rushed out of a house by the roadside and bit the colt, which jumped toward the sulky, put one leg through a wheel, and upset it, whereby the man was injured. Comp. L., § 2065 gives a right of action and double damages where a dog assaults or bites or otherwise injures any person while traveling the highway. *Held* that whether under this statute the man could have recovered at all for his personal injury, he could not do so without distinctly averring that the injury was caused by the dog and setting it forth as a cause of action under the statute, and without such claim in his declaration, evidence of his personal injury is inadmissible.

Error to Branch. Submitted Jan. 17. Decided Feb. 1.

TRESPASS ON THE CASE. Defendant brings error.

*C. L. Fitch* for plaintiff in error. A declaration can be objected to at the trial for failing to state a cause of action, *Parker v. Nor. Mich. Cent. R. R. Co.*, 33 Mich., 23; *Stoflet v. Marker*, 34 Mich., 313. General words following particular words in a statute apply only to things of the same kind, *Amer. Trans. Co. v. Moore*, 5 Mich., 368; *Ticknor's Estate*, 13 Mich., 44; *Hawkins v. Gt. Western R. R. Co.*, 17 Mich., 57; *McDade v. People*, 29 Mich., 50; *King v. Manchester & Salford Water Works*, 1 B. & C., 630; *Casher v. Holmes*, 2 B. & Ad., 592; *King v. Mosley*, 2 B. & C., 226; *Queen v. Nevill*, 8 Q. B., 452; *East Lond. Water Works v. Mile End Old Town*, 17 Q. B., 512; *Chegaray v. Mayor*, 13 N. Y., 220.

*Loveridge & Barlow*, for defendant in error.

GRAVES, J. Rose was riding along the public road in

his sulky. With one hand he was guiding the animal attached to the sulky and with the other was leading a mare. She was followed by her colt which was about three months old, and also by a mule which Rose owned and was taking to another place. A dog alleged to belong to Monroe, or at least to be in his keeping, approached from his house and suddenly started up and bit the colt when it was near the sulky. The colt being thus suddenly assailed jumped towards the sulky, thrust one foot through the wheel, and overturned the vehicle.

The sulky was broken, the colt hurt and damaged, and Rose received personal injuries as a consequence of the overturn. Rose estimated the damages to the colt at $50. The injury to the sulky was slight. He brought his action on Comp. L., § 2065, and the jury having found $400 as his damage, the court doubled the amount and entered judgment for $800 damages and $5 costs. Monroe complains of rulings which authorized this recovery.

This statute does not supersede common law actions. It was intended to give a liberal remedy to the injured party in a few special cases and to authorize a recovery in its nature penal. It confers a right of action without requiring proof of knowledge in the defendant of the dog's habit to " do such damage or mischief," and the right cannot be extended by construction without doing violence to settled maxims and going counter to the will of the Legislature.

*First.* The right is given where a dog kills or assists in killing, wounding or worrying any sheep, lamb, swine, cattle or other domestic animal.

*Second.* It is also given when a dog assaults or bites or otherwise injures any person while traveling the highway, or out of the inclosure of the owner or keeper of such dog.

The only charge in the declaration of the commission by the dog of any of the enumerated mischiefs against

a "domestic animal" is the allegation that he "bit" the colt; and there is no averment that he "assaulted or bit" Rose, or "otherwise injured" him.    The allegation that he "bit" the colt may perhaps be considered as a distinct charge of one kind of "wounding." Yet this is not certain.

It is not admitted that the personal injury of Rose was so caused as to present a ground of charge under this statute even if so pleaded.    But it is not needful to inquire into the actionable quality of that injury under statutes or the common law.    It is sufficient that it is not set forth as a cause of action on the statute.    It is not averred to have been caused by the dog.    On the contrary, a fair construction of the declaration would represent it as the effect of another cause.    Now it distinctly appears that notwithstanding the want of legal claim on this ground, Rose was allowed to give considerable evidence to show his personal injury, and influence the verdict on that account, and further that the court expressly submitted the case as one where damages might be found for such personal hurts as were shown and likewise for all future suffering to flow from them.

This was manifest error.    The issue did not authorize recovery on such ground, and it is not to be implied that any form of pleading on this statute under such a state of facts could authorize it.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.