Thomas Robb v. Charlotte Shephard.

*Biting dog—Estoppel from denying ownership.*

In an action for damages from being bitten by a dog an instruction that there was no evidence to show that defendant kept the dog, but that on the contrary it belonged to her husband, or at all events that he was the keeper of it, would preclude any finding that the defendant was the keeper of the dog.

A man bitten by a dog asked a woman as to who owned it, and she said it belonged to her. He accordingly sued her. *Held* that she would be estopped from denying ownership on the trial if she knew that the inquiry was made for the purpose of finding out who was liable for the injury.

Error to Bay. (Green, J.) Jan. 18.—Feb. 27.

Case. Defendant brings error. Affirmed.

*A. McDonell* for appellant.

*Simonson & Gillett* and *Hatch & Cooley* for appellee. Intent to deceive is not necessary to an estoppel: *Vanneter v. Crossman* 42 Mich. 465; *Continental Bank v. Bank of Commonwealth* 50 N. Y. 575; expenditures in litigation may as properly support an estoppel as any. *Meister v. Birney* 24 Mich. 435.

Marston, J. This action was brought to recover damages which the plaintiff sustained in consequence of being bitten by a dog which it is alleged was kept by the defendant. The plaintiff recovered a judgment and two errors are assigned in this Court as reason for a reversal.

*First.* That the court erred in the instructions given the jury as to what would be sufficient to show that the defendant, while not the owner, might be considered as the keeper of the dog.

Taking all that was said upon the subject the jury could not have found that this defendant was the keeper of the dog. The court distinctly said that there was no evidence

in the case to show that the defendant did keep the dog, but on the .contrary that the dog belonged to her husband, or at all events that he was the keeper of the dog, and that under the evidence the defendant would not be.

*Secondly.* It is said the court erred in charging the jury, that if on the day the plaintiff was injured, he inquired of the defendant as to the ownership of the dog and was informed, in reply thereto, that the dog belonged to her, and that the plaintiff in reliance upon such information brought this action, the defendant on the trial would be estopped from denying the fact on the trial. The court instructed the jury she could only be so estopped, in case she knew that the inquiry was made with reference to ascertaining who was liable for the injury sustained.

We are of opinion that no error was committed in so instructing the jury, and that the case comes within what was said by this Court in *Meister v. Birney* 24 Mich. 440. There was evidence to bring this case within the rule laid down.

The judgment will therefore be affirmed with costs.

GRAVES, C. J. and COOLEY, J. concurred.