VERNARD BURNHAM v. JOSEPH STROTHER.

*Injury from vicious dog—"Keeper" defined.*

One who treats a dog as *living* at his house, and undertakes to *control* his actions, is his *keeper*, within the meaning of How. Stat. § 2119, and liable for injuries inflicted on travelers; and this is so whether such keeping was by arrangement with the real owner, or by the wrongful harboring of the animal.

Error to Eaton. (Hooker, J.) Argued June 10, 1887. Decided June 23, 1887.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Foote & McCall* and *D. P. Sagendorph,* for appellant.

*Frank A. Dean,* for defendant.

SHERWOOD, J. The plaintiff in this case was a small boy about six years of age, and brings his suit by his next friend, to recover for injuries received from an attack upon him by a vicious dog owned by the defendant.

The action is brought under section 2119 of Howell's Statutes, and which is as follows:

" If any dog shall have killed or assisted in killing, wounding, or worrying any sheep, lamb, swine, cattle, or other domestic animal, or that shall assault or bite or otherwise injure any person while traveling the highway, or out of the inclosure of the owner or keeper of such dog, such owner or keeper shall be liable to the owner of such property or person injured in double the amount of damages sustained, to be recovered in an action of trespass or on the case; and it shall not be necessary, in order to sustain an action, to prove that the owner or keeper knew that such dog was accustomed to do such damage or mischief."

The facts in the case, as appear by the record, are few, and the only errors assigned relate to the circuit judge's charge and refusal to charge. The defendant was the owner of the dog that did the injury, and there is no question but that the dog bit and injured the plaintiff; but the defendant claimed upon the trial that, while he was the owner of the dog, he was not his keeper at the time the plaintiff was injured, and that, under the circumstances of this case, the owner was not liable.

The cause was tried by a jury before Judge Hooker in the Eaton circuit, and the verdict and judgment went for the defendant, and the plaintiff brings error.

The declaration contained but a single count under the statute.

Upon the trial the defendant offered evidence tending to show that, at the time of the alleged injury, and for some time previous thereto, the dog had been staying at the house of the plaintiff's father, who had enticed said dog away from the defendant, and kept him away against the will of defendant, and against his protestations and consent, but with his knowledge. Defendant also admitted that the injury to the plaintiff by his dog occurred outside of the inclosure of the defendant, but claimed that the dog's home was with the plaintiff's father so long as he harbored him, and that during such time he must be regarded as "keeper," and he only could be held liable. Upon this subject the court charged the jury as follows:

"A man may own a dog, and yet not be his keeper. One may take somebody's else dog to keep. For instance, a man may be from home, and temporarily or permanently have his dog cared for in another family; and whoever has him under these circumstances is the keeper of the animal. Now, in this case, if you find that, by arrangement between these parties or tacitly, this man Burnham was the keeper of this dog, there can be no recovery in this case. Nay, more; if you find that Burnham took the dog home, although he did it wrongfully, and kept him there in such a way that it can

be said that the dog really lived there, and that that was the dog's home, irrespective of the question of ownership, and irrespective of whether Strother consented or not, then there can be no recovery here, because where that dog was harbored and allowed to stay and make his home he lived.

"Now, if it was at Strother's, there might be a recovery here; if it was at the other place, there could not.

"Now, you are not to draw inferences that because a man allows a dog to stay all night at his house, or to come there from time to time occasionally, that he is the keeper of the dog. We all know the habits of these animals, and the habits of children, and it is not an infrequent occurrence for a dog to visit, as well as anybody else. But if the evidence in the case shows that this man Burnham treated this dog as living at his house, and undertook to control his actions, then he was the keeper of the dog, provided you find that the dog did make his home there under that arrangement, and irrespective, as I said before, of the consent of Strother or not."

We think this charge states the law applicable to the facts in this case correctly, and the judgment must be affirmed.

The other Justices concurred.