## Melvin Newton v. William Gordon.

*Vicious dog—Injury—Pleading—Declaration.*

In an action under How. Stat. § 2119, to recover damages for injuries sustained from an assault by a vicious dog, the plaintiff need not aver the knowledge of the owner or keeper that the dog was accustomed to do such damage or mischief.

Error to Wayne. (Brevoort, J.) Argued October 10, 1888. Decided November 28, 1888.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Fred T. Sibley* (*Edwin F. Conely,* of counsel), for appellant.

*James H. Pound* and *Jay Fuller,* for plaintiff.

SHERWOOD, C. J. This action was brought in the Wayne circuit court for injury done to the plaintiff and his family, and to his horse and wagon, upon the high-

way, along which he was at the time traveling in a wagon, by the defendant's dogs.

The declaration contains two counts, each stating substantially the same grievance. The first is brought under How. Stat. § 2119, which reads as follows:

"If any dog shall have killed, or assisted in killing, wounding, or worrying, any sheep, lamb, swine, cattle, or other domestic animal, or that shall assault or bite or otherwise injure any person while traveling the highway, or out of the inclosure of the owner or keeper of such dog, such owner or keeper shall be liable to the owner of such property, or person injured, in double the amount of damages sustained, to be recovered in an action of trespass or on the case; and it shall not be necessary, in order to sustain an action, to prove that the owner or keeper knew that such dog was accustomed to do such damage or mischief; and upon the trial of any cause mentioned in this section the plaintiff and defendant may be examined under oath, touching the matter at issue, and evidence may be given as in other cases, and if it shall appear to the satisfaction of the court, by the evidence, that the defendant is justly liable for the damages complained of under the provisions of this act, the court shall render judgment against such defendant for double the amount of damages proved, and costs of suit, but in no case shall the plaintiff recover more than five dollars costs."

· The second count charges a right of action at the common law. The recovery at the circuit was for the plaintiff for $130 under the first count, and for the defendant upon the second count, which subsequently was doubled on motion of the plaintiff's attorney, and judgment entered accordingly under the statute. As the plaintiff has not appealed, only the grievances of the defendant need be considered, and under the case as presented these are confined to the proceedings had under the first count.

It is first insisted by appellant that there is nothing in the statute which dispenses with the averment that such dog doing the mischief was accustomed to do the same,

and upon the ruling of the circuit judge to the contrary defendant's counsel base 13 assignments of error. The court was right in the ruling. The statute expressly says, in a case like the present, the plaintiff need not show that the defendant had previous knowledge of the vicious habits of his dog. The only reason for the averment at common law was that it was necessary to show knowledge of such fact in the defendant before plaintiff could recover. The reason of the rule requiring the averment to be made having been entirely abrogated by statute, the rule itself must be allowed to go with it; otherwise a senseless form would be perpetuated, and which, as often as taken advantage of, would prove destructive of substantial rights.

There is no question but that the defendant owned or controlled a number of dogs, and harbored more, at the time of the injury complained of, and that they were together at or near the place where the plaintiff's horse was attacked; and the jury by their verdict found that the injury was done in the highway by one or more of them. Whether it was done by the largest or smallest, or by one or more of them, is unimportant. If any one did the damage or caused the injury to plaintiff, and the animal belonged to the defendant, the judgment is right, and should not be disturbed.[1]

The court submitted the case to the jury upon the question of damages as favorably as the defendant could expect. It really went to the jury upon the actual damages to the plaintiff's horse, if they found the injury was done by the defendant's dog or dogs in the highway.

Defendant had no ground for complaint upon the court's charge, and, without considering the case further, we think the judgment should be affirmed.

The other Justices concurred.

[1] The declaration charged the defendant with owning and keeping a large number of dogs, and that said *dogs* bit the leg of the horse, etc., while the proof showed that only one dog did the biting.