JENKINSON *v.* COGGINS.

1. DOGS—KEEPER—EVIDENCE.
 A woman who owned the house in which she lived, and who exercised absolute control over it and over all the property connected with it, was properly held to be the "keeper" of a dog belonging to an adult son who lived with, and worked for, her, and had no other home.

2. SAME—INJURY TO TRAVELER—LIABILITY OF KEEPER.
 Under 2 Comp. Laws 1897, § 5593, providing that the owner or keeper of a dog shall be liable if the dog assault, or bite, or otherwise injure any person while traveling the highway, a liability exists for damages occasioned by a dog which bit at the heels of a horse, and caused it to kick and injure the driver.

Error to Genesee; Wisner, J.  Submitted January 9, 1900.  Decided February 20, 1900.

Case by William Jenkinson, Jr., an infant, against Anna Coggins, for personal injuries.  From a judgment for plaintiff, defendant brings error.  Affirmed.

*Ed. S. Lee* (*James S. Parker*, of counsel), for appellant.

*Clinton Roberts*, for appellee.

MOORE, J.  From a judgment of $400 obtained by plaintiff against defendant, she has appealed.  This action is brought under the provisions of section 5593, 2 Comp. Laws 1897.  We do not deem it necessary to discuss all the questions raised by counsel.  It was the claim of the plaintiff that, while driving upon the highway, his horse was attacked by a dog of which the defendant was the keeper; that the dog barked at the horse, and bit its heels, causing it to kick; and that plaintiff was kicked in the face by the horse.  His nose was broken, and the horse ran

away. It was the claim of the defendant that she was not the owner of the dog, but that it belonged to her son. She also claimed that the dog did not cause the horse to kick, and was not near it when the mischief was done.

The first thing which needs our attention is the direction the court gave the jury that, under the evidence in the case, they must find the defendant was the keeper of the dog, within the meaning of the statute. It is said this question should have been left to the jury. The testimony of the defendant disclosed that while her son Martin, a man about 28 years old, owned the dog, he made his home with her, at her residence in Flint, and worked for her upon her farm near Flint. She testified she was owner of all the personal property in the house and on the premises in the city of Flint; also of the stock and tools and farming utensils on the farm, and used in connection therewith. She further testified that she purchased and paid for all the groceries and supplies used about the house in the city, and that she was the head of the family, and had absolute charge of the house and the property thereabouts; that she owned and controlled all the personal property, including the horses, vehicles, and all farm implements; that she ran the farm, and directed all the operations on and about the farm; that Martin worked for her, and she paid him for his services in a share of the crops raised; that she directed what crops should be put in, and how the same should be disposed of. It is apparent, from the testimony, that the home of Martin was with defendant, and that the only home the dog had was upon the premises owned and controlled by the defendant. The court very properly said to the jury the defendant was the keeper of the dog. *Burnham* v. *Strother*, 66 Mich. 519 (33 N. W. 410); *Newton* v. *Gordon*, 72 Mich. 642 (40 N. W. 921); *Fye* v. *Chapin*, 121 Mich. 675 (80 N. W. 797).

The court instructed the jury that, unless the injury to plaintiff was directly caused by the assault made by the dog upon the horse, the plaintiff could not recover. It is

the claim of defendant that, as the dog did not bite the plaintiff, but bit the horse, the latter was the intervening cause of the injury, and that the statute, which is penal in its terms, was not intended to apply to cases where there is an intervening cause; citing *Elliott* v. *Herz*, 29 Mich. 202, and *Monroe* v. *Rose*, 38 Mich. 347. In the first of these cases the injury was caused by a mad dog. Justices COOLEY and CAMPBELL were of the opinion that the injury from the bite of a rabid dog must be classed with those inevitable accidents which the law always leaves to rest where they chance to fall, because, as no one is in fault, there is no basis for an assessment of damages against any one. Justice GRAVES was of the opinion that, even in such a case, the owner or keeper was liable. Justice CHRISTIANCY did not sit in the case. In *Monroe* v. *Rose* the question arose upon the pleadings. While there is some language in the opinion which tends to support the claim of counsel, the court declined to pass upon the question, but held plaintiff could not recover, as the declaration did not aver the injury was caused by the dog. The case of *Newton* v. *Gordon*, 72 Mich. 642 (40 N. W. 921), indicates pretty clearly that the plaintiff could recover. The language of the statute is not ambiguous: "If any dog * * * shall assault, or bite, or otherwise injure any person while traveling," etc. It does not indicate that the person must be bitten by the dog to entitle him to recover. A similar statute is construed in a case almost parallel to this by the supreme court of New Hampshire. *Chickering* v. *Lord*, 67 N. H. 555 (32 Atl. 773). It was held the plaintiff was entitled to recover. We think the statute is broad enough to cover such a case as this one.

Judgment is affirmed.

The other Justices concurred.