### VAN ETTEN v. NOYES.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. ANIMALS (§ 70*)—MAD DOGS—OWNER'S LIABILITY FOR INJURY.

While the owner of domestic animals, such as cattle, is generally liable for the unwarrantable entry by his animal upon another's land, one who owns or harbors a dog is not liable in trespass every time it goes upon another's land, the general rule being that the owner is not liable for harm done by his dog, unless it was of a mischievous disposition or vicious propensity, and the owner previously knew thereof, or was chargeable with notice that the dog was harmfully disposed; and hence an owner is not liable for injury inflicted by a mad dog, where she did not know or have any reason to believe that the dog was mad, or had a vicious nature or harmful disposition.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 233; Dec. Dig. § 70.*]

2. ANIMALS (§ 74*)—DOGS—VICIOUSNESS—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to show that a dog which inflicted injury while mad was previously vicious and likely to bite cattle.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 268; Dec. Dig. § 74.*]

McLennan, P. J., dissenting in part.

Appeal from Steuben County Court.

Action by Archie D. Van Etten against Sarah Noyes. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Willard S. Reed, for appellant.
Warren J. Cheney, for respondent.

KRUSE, J. The plaintiff's cow was bitten by a mad dog. The disease from which the dog was suffering was communicated thereby to the cow, and she died. The plaintiff claims that the defendant owned or harbored the dog, and seeks to recover the value of the cow. While the evidence is sufficient to establish the fact that the defendant owned or harbored the dog, we are nevertheless of the opinion that the plaintiff has failed to establish any liability against the defendant, for the reason that the evidence fails to show that the defendant knew or had any reason to believe that the dog was suffering from rabies, or had a vicious nature or harmful disposition.

The two incidents upon which the plaintiff relies to establish that the dog was vicious and likely to bite cattle, we think, do not warrant that conclusion. Upon one occasion a lady was riding on a bicycle, and the dog ran out in the road and grabbed the wheel; and at another time a peddler attempted to go into the yard where the dog belonged, and the dog stood his ground and prevented the stranger from entering the yard. On neither occasion did he hurt anyone. The evidence shows that the dog suddenly became mad and uncontrollable, and while in this frenzied state entered the plaintiff's premises and did the harm complained of. Indeed, there does not seem to be any dispute over the fact that the dog was rabid at the time he bit the cow; and there is no evidence showing or tending to show that the defendant knew or suspected, or had any information which would lead her to believe, that the dog was afflicted with rabies, until after the harm was done. Under such circumstances we think there is no ground for holding the defendant liable in damages. As was stated by Judge Cooley, in Elliott v. Herz, 29 Mich. 202:

"Injury from the bite of a rabid dog must be classed with those forms of inevitable accident which the law always leaves where they chance to fall, because, as no one was in default, there is no basis for assessment of damages against any one."

It is contended upon the part of the plaintiff, however, that, since the dog entered into his premises and bit the cow there, a trespass was committed, and the defendant is liable for all the harm which the dog did there, regardless of her want of knowledge of the abnormal condition of the dog. It is true that the owner of domestic animals, such as cattle, is generally liable for every unwarrantable entry by the animal upon the lands of another; but we think it is not the law that one who owns or harbors a dog is liable in trespass every time the dog goes upon the lands of another. The general rule is that the owner is not liable for harm done by his dog, unless it appears that the dog was of a mischievous disposition or vicious propensity, and the owner had previous knowledge thereof, or was chargeable with notice that the dog was harmfully disposed. Brown v. Giles, 11 Eng. Com. Law Rep. 337; Lupton's Law Relating to Dogs, 55; Ingam's Law of Animals, 277; 2 Am. & Eng. Ency. (2d Ed.) 368; O'Connell v. Jarvis, 13 App. Div. 3, 43 N. Y. Supp. 129; Buchanan v. Stout, 123 App. Div. 648, 108 N. Y. Supp. 38. This rule was early changed as regards the killing of sheep by dogs. In colonial times, and as early as 1732, an act (chapter 574, p. 735, Colonial Laws of 1720–1737) was passed, making the owner of a dog liable absolutely for the value of

sheep killed by his dog, and this law, in substance, has ever since been retained in our statutes. It is now incorporated in the county law. Laws 1892, p. 1771, art. 6, c. 686, § 117. We are not aware, however, that it has ever been extended so as to include a case like this, or that the courts of our state have ever held that one who owns or harbors a dog is liable in a case such as this. ·

The questions here were raised by appropriate exceptions, and upon the whole case we think the plaintiff is not entitled to recover.

The judgment and order denying the motion for a new trial should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., who dissents upon the ground that, the dog of the defendant being a trespasser upon the plaintiff's property, the defendant was liable for the damage.