WETZEL *v.* BOLSTER.

1. ANIMALS—KEEPER OF DOGS—WORDS AND PHRASES—STATUTES.
In an action under the statute, 2 Comp. Laws, § 5593, for injuries caused in the public highway to plaintiff by defendant's dog, it was proper to instruct the jury that defendant, who had, before the injury, placed the dog in the hands of a third party to keep, subject to defendant's right to sell the animal, was not liable as its keeper within the meaning of the statute.[1]

2. SAME—ESTOPPEL—ADMISSION OF LIABILITY.
Nor could defendant be held liable in trespass on the case upon his statement or admission before suit was instituted that he owned the dog and assumed all responsibility for the damages.

Error to Calhoun; North, J. Submitted January 24, 1912. (Docket No. 133.) Decided March 12, 1912.

Case by Albert W. Wetzel, by his next friend, against Robert J. Bolster for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

Plaintiff sued to recover damages sustained in consequence of being bitten by a dog belonging to defendant. The action is brought under the statute. 2 Comp. Laws, § 5593. It appears that the defendant, while confessedly the owner of the dog, was not its keeper at the time the injury was inflicted. Defendant resided at the city of Battle Creek, and, some six weeks prior to the time of plaintiff's injury, had turned the dog over to one Bock, who lived in Battle Creek township, under an arrangement that Bock was to keep the dog, but that defendant was to have the privilege of selling him if a customer was found. The in-

---

[1] Who is the keeper or harborer of a dog, see note in 17 L. R. A. (N. S.) 431.

jury was inflicted upon the plaintiff in the highway in front of Bock's premises. A verdict of $300 having been rendered against defendant by the jury, the court, upon motion, doubled the verdict, added $5 costs, and entered judgment for $605. Defendant reviews the case in this court by writ of error.

*Edwin C. Lewis*, for appellant.

*Joseph L. Hooper* and *Howard W. Cavanagh*, for appellee.

Brooke, J. (*after stating the facts*). Under the authority of *Burnham* v. *Strother*, 66 Mich. 519 (33 N. W. 410), the court properly charged the jury that:

"In the contemplation of the law, Mr. Frank Bock was the keeper of the dog whose actions are complained of in this case, on the day in question, and that the defendant, Mr. Bolster, was not such keeper, and that he is not legally liable to the plaintiff in this case, and your judgment will therefore be for the defendant."

To this direction, the court added the following:

"Unless the defendant, Bolster, has admitted his liability for the damages done by the dog in such a way as to estop or prevent Mr. Bolster from denying his liability at this time. If you find from the evidence that, since the time of the attack upon the boy by the dogs, Mr. Bolster has admitted that the dog was his, and that any liability for the injury was his, and that he admitted the liability, and that such statement was made by Mr. Bolster to Mr. Cavanagh, who represented the plaintiff, at a time when Mr. Bolster knew that the information was sought for the purpose of ascertaining who was responsible for the damage done by the dog, and of holding Mr. Bolster later liable, in case he was the person chargeable, then Mr. Bolster is now estopped from claiming that he is not liable, because the dog owned by him was at the time in the keeping of some other person. * * * The first question for you to consider is whether or not, under the law and the evidence, Mr. Bolster is liable at all to the plaintiff (that is, whether he has admitted his liability for these particular acts of the dog in

such a way as to work an estoppel); that is, to prevent him from now denying that he is the person who is liable, if any one is. Now, gentlemen, unless under the law and the evidence as given you here you find that the defendant has made such admissions under such circumstances as have been indicated as being necessary under the law to estop him from denying his liability, it would be your duty to find for the defendant, because there is no other theory upon which he can be held liable under the law of this case, except the one of estoppel."

This excerpt from the charge is based upon the following testimony, given by Mr. Cavanagh:

"I am a practicing attorney in the city of Battle Creek, and an attorney of record in this case, and am acquainted with Mr. Bolster, the defendant in the case. I first became acquainted with him some time in April, 1910, in his store in the city of Battle Creek. I went to see him in relation to this matter, this case of Mr. Wetzel's boy. At that time, I had been retained by Mr. Wetzel as the attorney in this case.

"*Q.* State whether or not you went to see Mr. Bolster with reference to a possible disposition of the case outside of court?

"*A.* I did.

"*Mr. Lewis:* I object to that. I do not think any matter of that kind is competent.

"*Mr. Hooper:* What we expect to show by this is not a proposed settlement, and it is not with that in view that we offer it. What we expect to show is what Mr. Bolster and Mr. Bock said.

"*Mr. Lewis:* I object to what he told him.

"*The Court:* You may take the testimony.

"*Mr. Lewis:* Exception.

"*Q.* Now, eliminating any question, except that of the conversation about the dog, state what your talk with Mr. Bolster was with reference to this affair.

"*A.* Mr. Bolster told me that this was his dog, the larger dog, I understood it.

"*Q.* Do you know the name of this dog, and was that discussed by him?

"*A.* Well, I am not sure as to the name of the dog. He said that the dog was his, and that the dog had been out there to Mr. Bock's place; but he did not want Mr.

Bock to have any trouble in relation to the matter at all, and that he assumed all the responsibility."

Cross-examination by Mr. Lewis:

"*Q.* Well, did you act upon that suggestion?

"*A.* In what way?

"*Q.* Did you govern yourself accordingly, and from that time consider that Mr. Bolster was the one man responsible in this case?

"*A.* I think so, so far as the dog was concerned.

"*Q.* Do you mean to say that Mr. Bolster said on that occasion that he would assume any legal responsibility of Frank Bock's, if Frank Bock should be the man that was legally responsible in this case?

"*A.* I mean just what I said. He said that he did not want Mr. Bock to have any trouble about it.

"*Q.* He did not say that he was the keeper of the dog, did he?

"*A.* No, sir; he said that he was the owner of the dog."

Defendant denied that he made the statements attributed to him in this interview; but, for the purpose of determination, those statements must be considered as having been made by him, as testified to by Mr. Cavanagh. Assuming, therefore, that defendant said that he did not want Mr. Bock to have any trouble in relation to the matter at all, and that he assumed all the responsibility, the question presented is: Does this statement make the defendant liable for damages for which he could not have been held had the statement not been made?

It will be noted that the only statement of fact contained in the alleged admission is that defendant was the owner of the dog which caused the injury. This fact was already known to plaintiff; for on the day of the injury defendant went to plaintiff's home, and there told plaintiff's father that the dog was his. It is obvious that this statement, which was one of a fact already known, had no legitimate tendency to fix liability upon defendant, because the statute liability does not attach to him as owner. That part of the admission, to the effect that defendant

did not want Mr. Bock to have any trouble in relation to the matter, and that he assumed all the responsibility, may be regarded in two aspects: It may be taken as an assertion by defendant that in the state of his mind at that time he intended to assume the responsibility which rightfully rested upon the shoulders of Mr. Bock; or it may be construed as an absolute undertaking on the part of defendant to answer to plaintiff for the default of Mr. Bock. If the first view be taken, it is clear that no estoppel is suggested; if the second view be taken, it is equally clear that defendant's liability, if any, would be one growing out of contract, and not out of a tort. The facts in the case, fully known to the plaintiff before suit was brought, disclosed legal liability on the part of Bock as keeper of the dog, if any person was liable under the statute.

Plaintiff in his declaration alleges that defendant was the owner *and keeper* of the dog, and defendant's liability is predicated upon the truth of this allegation, or upon the fact that defendant is estopped to deny its truth. The language of defendant cannot be tortured into an admission that at the time of the injury he was the keeper of the dog. And herein precisely lies the distinction between this case and the case of *Robb* v. *Shephard,* 50 Mich. 189 (15 N. W. 76). The defendant in that case was held to be estopped from denying liability, because, by her false statements as to ownership, she had induced the plaintiff to believe that she was the proper party to sue. The plaintiff, a stranger in Michigan, relied upon her statements, and expended considerable sums in prosecuting his suit against her. An examination of the record in that case shows that the jury was permitted to find that the defendant was estopped from denying that she was *the keeper of the dog.* This decision follows that of *Meister* v. *Birney,* 24 Mich. 435. The case at bar presents no features, such as were controlling in those just considered. No false statements were made by defendant, and all the facts bearing upon liability were fully known to plaintiff before

suit was brought. A verdict should have been directed in favor of defendant.

The judgment is reversed, and there will be no new trial.

STEERE, McALVAY, BLAIR, and STONE, JJ., concurred. MOORE, C. J., and OSTRANDER, J., concurred in the result. BIRD, J., did not sit.