## SILVERGLADE *v.* VON ROHR, BY, ETC.

*Dogs—Owner liable to person injured—Section 5838, General Code—Liability for injuries to automobile driver—Acts of dog cause collision.*

1. Section 5838, General Code, imposes an absolute liability upon the owner or harborer of a dog for injuries inflicted upon persons by such dog, and an allegation and proof of *scienter* are unnecessary.

2. Where a dog runs out in front of an automobile, causing the driver to turn out to avoid hitting it, and the dog continues in front of the automobile, and the driver, without any negligence on his part, strikes the dog with the front wheel, throwing the machine out of control and causing it to run into a tree, resulting in serious injuries to the driver, the owner of the dog is liable for the damages sustained.

(Decided March 27, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Cohen, Mack & Hurtig* and *Messrs. Roettinger & Street,* for plaintiff in error.
*Mr. William R. Collins,* for defendant in error.

BUCHWALTER, J. Plaintiff, Francis Von Rohr,

claims that while operating an automobile in the village of Wyoming, a known vicious and dangerous dog, owned and harbored by Meyer Silverglade, defendant, and which continually ran after automobiles, ran upon the road directly in front of plaintiff's automobile; that to avoid hitting the dog plaintiff turned, but the dog continued in front of the automobile, in such a position that plaintiff without fault or negligence on his part struck the dog with the front wheel of the automobile, throwing it out of control and causing it to run into a tree, as a result of which plaintiff was thrown and received the injuries complained of.

A demurrer to the petition was overruled.

Defendant's answer sets forth that plaintiff was operating the automobile at a highly excessive and dangerous rate of speed, without having the same under proper control; that the dog was run over through the negligence and carelessness of the plaintiff in operating the automobile at such unlawful and dangerous rate of speed; and that by reason of his own negligence plaintiff lost control of the automobile and ran into the tree, causing the injuries complained of.

The ordinance of the village of Wyoming as to speed is set forth.

The grounds of error urged are:

That the court erred in overruling the demurrer, in overruling the motion to direct a verdict for the defendant, in the general charge as to Section 5838, General Code, and in the charge on the measure of damages; and that the amount of the verdict of the jury was the result of passion and prejudice.

In considering the errors complained of in the overruling of the demurrer, the motion to direct a

verdict, and the charge of the court on Section 5838, it is necessary to determine just what is the meaning of that section.

In April, 1900, by house bill No. 244 (94 O. L., 118), the legislature passed an act which later became Sections 4212-1 and 4212-2, Revised Statutes, the provisions of which are now incorporated in Sections 5837 and 5838, General Code. The sections as they now read are as follows:

"A dog which has been listed and valued for taxation as personal property, and the tax upon such valuation and per capita tax upon such dog having been paid, if due, shall be considered as personal property and have all the rights and privileges and be subject to like lawful restraints as other live stock. A recovery shall not be had for the malicious and unlawful killing of such dog in excess of double the amount for which it is so listed.

"A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done."

While the language in these sections of the General Code differs from that used in the act as originally passed, the intent and meaning are the same.

By the provisions of Section 5837, the owner of the dog by the payment of a tax acquires certain rights, as in other personal property, but, in the same act, passed at the same time, it was provided that the owner or harborer of a dog shall be liable

for all injury done by it to certain animals and to persons. The acts prior to the passage of house bill No. 244 only referred to dogs which injured do- mestic fowls or animals, and a person was not in- cluded. Prior to this act, in order to maintain an action for damages, it was necessary to prove *scienter*, that is, it was necessary to show that the owner of the dog knew of its vicious habits, and, therefore, was negligent in permitting it to run at large. In the case at bar the court refused to per- mit the introduction of evidence to show *scienter*. The present statute, however, is in plain and ex- plicit terms and provides:

"A dog that * * * injures a * * * person can be killed at any time or place * * *. The owner or harborer of such dog shall be liable to a person damaged for the injury done."

This statute has been construed in the case of *Kleybolte* v. *Buffon, a Minor,* 89 Ohio St., 61. At page 66, the court says:

"The statute which we have quoted is in deroga- tion of the common law, in that it dispenses with *scienter*. The court cannot read into it anything that does not come within the clear meaning of the language used, and the statute should not be given force beyond its plain terms. It is provided that the owner of the dog which inflicts the injury shall be liable to the person damaged to the full amount of the injury done. * * *

"The statute imposes an absolute liability on the owner of the dog, and the averment and proof of *scienter* are unnecessary. The owner is liable re- gardless of his conduct in the keeping of the dog. Under the statute, the conduct of his property ren-

ders him liable, and his own negligence in the matter is wholly immaterial.''

In view of this decision, we do not consider that the court was in error in overruling the demurrer, nor in the interpretation of Section 5838, General Code.

To the same effect are the decisions in other states in which similar statutes have been enacted. *Tasker* v. *Arey*, 114 Me., 551; *Williams* v. *Brennan*, 213 Mass., 28; *Malafronte* v. *Miloni*, 35 R. I., 225, and *Jenkinson* v. *Coggins*, 123 Mich., 7.

It is contended that the decisions in Iowa are contrary to those above set forth. But by Section 2340 of the Iowa code it is provided that the owner shall be liable to the party injured for any dog ''attacking or attempting to bite any person.'' Hence, in the cases where the dog did not bite or attempt to bite the person, it has been held that there was no liability. Such, however, is not the language of our code.

Under the rule laid down in *Kleybolte* v. *Buffon*, *supra*, at page 67, the inquiry narrows down to the ownership of the dog, the direct or proximate cause of the accident, the nature and extent of the injuries, and the damages sustained.

Two special charges, offered by the defendant, were given by the court, and are on the subject of proximate cause. The jury under these charges must have found that any negligence on the part of the plaintiff in driving the car was not the proximate cause of the injury. We, therefore, find that the overruling of the motion to direct a verdict was not erroneous.

Objection is made to the charge on the measure of damages, which is as follows:

"In case you find for the plaintiff, you will then consider the question of damages, and, in this connection, if you find for the plaintiff, you should take into consideration the nature and extent of the injuries, whether or not such injuries are permanent, the pain and suffering which the plaintiff has endured, if any, and award to him such damages as you believe from the evidence he is entitled."

This charge, while not as full as it might have been, refers only to damages as shown by the evidence, and as enumerated in the charge. The evidence presented on this question was as to the nature and extent of the injuries, whether such injuries were permanent, and the pain and suffering which the plaintiff endured. There was no evidence introduced as to the loss of wages, or loss or impairment of earning capacity.

It is contended further that the amount of the verdict was the result of passion and prejudice, resulting from statements by counsel for plaintiff in his argument to the jury. Counsel for plaintiff's argument is not included in this record, and, we, therefore, cannot consider what may or may not have been said by him. The short excerpt from his closing argument does not seem to us to be of a nature to be prejudicial. The injury was severe, and, while we think that the verdict as originally rendered by the jury was higher than the evidence warranted, still we are unable to say that it was the result of passion or prejudice.

Finding no error in the record prejudicial to the plaintiff in error, the judgment will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.