WOJEWODA v. RYBARCZYK.

1. ANIMALS—DOGS—WHEN OWNER LIABLE FOR DOG'S BITE—STATUTES.

In an action under 2 Comp. Laws 1915, § 7270, which is not superseded by section 7274 *et seq.*, for injuries sustained from a dog's bite, the.dog's owner is liable, even if he had no previous knowledge of the dog's vicious character, if it was out of its enclosure, unless the plaintiff voluntarily and wilfully brought on the injury with full knowledge of probable consequences.

2. SAME—TRIAL—INSTRUCTIONS.

In said action, the court was in error in instructing the jury to find for plaintiff unless they found that he purposely and wilfully ran into the dog, knowing the danger of being bitten, where the witnesses testifying that plaintiff ran into the dog stated no circumstances indicating that the act was intentional; the owner not being relieved of liability because plaintiff inadvertently stepped on the dog.

FELLOWS, WIEST, and SHARPE, JJ., dissenting.

Error to Wayne; Hunt (Ormond F.), J. Submitted January 17, 1929. (Docket No. 168, Calendar No. 34,185.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Case by Albert Wojewoda by his next friend, Elizabeth Wojewoda, against Walter Rybarczyk for injuries from a dog's bite. From judgment for defendant, plaintiff brings error. Reversed, and new trial ordered.

*Leon Dreifuss,* for plaintiff.

*Cass J. Jankowski,* for defendant.

FEAD, J. This is an action for damages for injuries sustained by plaintiff from being bitten by defendant's dog. The dog had escaped from home,

been recaptured, and defendant was leading it along the sidewalk by a chain. Plaintiff, 11 years old, and other boys were playing baseball on the street. First base was near the sidewalk. Plaintiff ran to first base and was bitten. Some witnesses testified he had turned back toward home plate when the dog leaped to the end of the chain and bit him, and others said he ran over first base and upon the dog. The court submitted the issue to the jury with instructions to find for plaintiff unless they found that he purposely and wilfully ran into the dog, knowing the danger of being bitten. Defendant had verdict and judgment. Plaintiff moved for a new trial on the ground, among others, that the verdict was against the weight of the evidence. New trial was denied, and plaintiff brought error.

Plaintiff relies on 2 Comp. Laws 1915, § 7270:

"If any dog shall  *  *  *  assault or bite, or otherwise injure any person while traveling the highway or out of the enclosure of the owner or keeper of such dog, such owner or keeper shall be liable to the  *  *  *  person injured in double the amount of damages sustained,  *  *  *  and it shall not be necessary, in order to sustain an action, to prove that the owner or keeper knew that such dog was accustomed to do such damage or mischief."

This statute eliminates the necessity which existed at common law of averring and proving that the dog had vicious propensities, *Newton* v. *Gordon,* 72 Mich. 642, and the owner's knowledge thereof. *Elliott* v. *Herz,* 29 Mich. 202; *Job* v. *Harlan,* 13 Ohio, 485; *Jacobsmeyer* v. *Poggemoeller,* 47 Mo. App. 560; *Galvin* v. *Parker,* 154 Mass. 346 (28 N. E. 244); 3 C. J. p. 111.

It does not supersede common law actions, but is intended to give a liberal remedy to the injured per-

son in a few special cases and to authorize a recovery in its nature penal. *Monroe* v. *Rose,* 38 Mich. 347.

The basis of liability is not negligence in the manner of keeping and confining the animal, but in keeping him at all. The owner is liable under this statute even though the dog is taken out of his enclosure by his servants in disobedience of his orders. *Fye* v. *Chapin,* 121 Mich. 675, in which the court said:

"The effect of this statute is to extend the common law so as to include all keepers of dogs, and to dispense with proof of the previous knowledge of their vicious character."

It is, however, a defense if the injured party voluntarily brought on the injury himself, with the full knowledge of its probable consequences. *Fye* v. *Chapin, supra.*

"If a person with knowledge of the evil propensities of a vicious dog wantonly excites him, or voluntarily and unnecessarily puts himself in the way of such an animal, he will be adjudged to have brought the injury upon himself." 3 C. J. p. 109; *Brooks* v. *Taylor,* 65 Mich. 208.

The charge was in harmony with the authorities. The well known propensity of dogs to bite when attacked or stepped on justified submission to the jury of the issue of plaintiff's knowledge of the danger. However, we think a new trial should have been granted because of the lack of evidence that plaintiff wilfully ran into the dog. Overrunning first base is practically a universal practice in the national game. The rules provide for it. It carried no inference that plaintiff departed from the play to assault the dog. The witnesses who said he ran into the dog stated no circumstances which would indicate that the act was intentional. The law of canine self-defense does not relieve the owner of liability for

damages because the injured person inadvertently stepped on the dog. *Fake* v. *Addicks,* 45 Minn. 37 (47 N. W. 450, 22 Am. St. Rep. 716).

The statute at bar was not superseded by 2 Comp. Laws 1915, § 7274 *et seq.* Although they have some points of similarity, the acts cover different subjects.

Judgment is reversed, and new trial ordered, with costs.

NORTH, C. J., and CLARK, McDONALD, and POTTER, JJ., concurred with FEAD, J.

FELLOWS, J. (*dissenting*). Obviously, the charge submitted the case to the jury as favorably to plaintiff as he was entitled to. The jury found for defendant, and I think the verdict has evidential support and is not against the clear weight of the testimony. There is testimony that plaintiff ran over first base and into the dog, and some of the testimony admits of the inference that he stepped on the dog. Dogs are not outlaws and have some rights (*McChesney* v. *Wilson,* 132 Mich. 252 [1 Ann. Cas. 191]), among them being the right of self-defense. The law does not require the impossible. Under the testimony which the jury must have believed to reach the verdict rendered, the defendant was returning the dog to his home, having him under control by means of a short chain, when plaintiff ran into the dog and received the bite he did. If this testimony was true, and the jury believed it, it was physically impossible for the defendant to have prevented the occurrence. I think the judgment should be affirmed.

WIEST and SHARPE, JJ., concurred with FELLOWS, J.