## Snyder v. Patterson, Appellant.

*Negligence—Vicious dog—Liability of one who harbors.*

A person, although not the owner of a vicious dog, may make himself liable to others as owner by knowingly keeping or harboring the animal upon his premises after knowledge of his vicious propensities.

The plaintiff was injured by a vicious dog in the immediate vicinity of the defendant's premises. The owner was a boy of about fourteen years of age who lived with defendant. His mother was defendant's sister, and housekeeper. The dog had been given to the boy some two years before the accident took place, and had been brought by him to defendant's home and there kept with his knowledge and consent. *Held*, that the question of defendant's liability was for the jury.

There is no general rule that the owner of the premises on which a dog may be harbored is liable for its vicious acts regardless of the age, employment, or home of its owner, or the circumstances under which the injury was inflicted. The question of liability must depend on the circumstances in each case. By MR. JUSTICE WILLIAMS.

Argued Feb. 27, 1894. Appeal, No. 4, Jan. T., 1894, by defendant, Hampton L. Patterson, from judgment of C. P. Berks Co., Dec. T., 1891, No. 32, on verdict for plaintiff, Webster Snyder, by his next friend and father, Almond F. Snyder. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ. Affirmed.

Trespass for bite of vicious dog. Before ENDLICH, J.

At the trial it appeared that, on May 25, 1891, plaintiff, a boy twelve years old, was bitten by a dog in the immediate vicinity of defendant's residence. The owner of the dog was a boy about fourteen years old who lived with defendant, and whose mother was defendant's sister and housekeeper. It appeared that the dog had been given to the boy about two years before, and had been kept at the house of defendant with his knowledge and consent. There was evidence that the dog was vicious, and had bitten another child.·

Defendant's points were among others as follows:

" 1. The uncontradicted evidence in this case being that the defendant was not the owner of the dog when the alleged injury was committed, there can be no recovery in this case." Refused. [1]

"3. Should the jury find that the dog was vicious prior to the 25th of May, 1891, when the alleged injury was inflicted upon the plaintiff by the dog, there is no evidence in this case to show that the defendant had knowledge of the fact, except the testimony of John H. Rothermel, Esq., as to an interview he had with the defendant after suit was brought, about six months after the plaintiff was bitten by the dog, wherein the defendant told him he knew he had bitten a girl, and if the jury find the defendant only learned of that fact after the injury was done to the plaintiff by the dog, the knowledge of that fact, acquired by the defendant subsequently, would not make him responsible, and the verdict must be for the defendant." Refused. [2]

"4. If the jury find that the plaintiff was told that the dog would not bite him if he would leave him alone, and after he was so told he did touch the dog and fondle him, and in consequence thereof the dog made an attack upon him, the plaintiff cannot recover." Refused. [3]

5. Request for binding instructions. Refused. [7]

The court charged in part as follows:

" [It is not necessary that the animal should be proved to have actually injured other people before the occurrence complained of, but it is necessary that it be shown that the animal was either of a species whose nature it is to attack men or children, or that it has evinced a disposition on former occasions to injure such, whether by biting or frightening them. Now, on this point, gentlemen, you will, therefore, consider all that has been testified concerning the conduct of this dog, including the occurrence here in question, and will determine from that evidence whether or not this dog was a vicious animal.] [4] . . . .

" [It is, of course, not necessary, in order to show knowledge on the part of the defendant, that any particular kind of express notice was given to him, that complaint was directly made to him of some specific act of the dog. His knowledge may be shown by circumstances that naturally tend to prove that he knew, or must have known, what this dog was doing or what his character was. You will, therefore, consider everything that bears upon that question in the evidence in this case. You will remember how long the dog lived at defendant's house, what proportion of time the defendant has been there, how

much he occupied himself with the dog, if at all; how the dog behaved towards him and in his presence.] [5] . . . .

" [The question for you is simply, 'Was or was not this dog kept on defendant's premises, with defendant's knowledge and consent, so that defendant's property was the dog's home?"] [6]

Verdict and judgment for plaintiff for $438.33.

*Errors assigned* were (1–7) above instructions, quoting them.

*C. H. Ruhl, Daniel Ermentrout* with him, for appellant.—The keeper of a dog cannot be held liable for injuries done by him, when not upon his premises, unless he had such charge, custody and control of him as are necessarily incident to ownership. And if it appears that the dog was owned by a person who resided with defendant, and kept by the owner upon his premises with his knowledge and consent, he cannot be held liable for an injury done by the dog upon a highway, when accompanied by the owner : Twigg v. Ryland, 62 Md. 380; Auchmuty v. Ham, 1 Denio, 495; Barrett v. R. R., 3 Allen, 101.

At common law the dog is considered a docile animal, and its owner is accountable only upon the ground of negligence for an injury committed by biting the person of another, if he knew or had notice that the animal was accustomed to commit such or similar vicious acts; and the burden of proving knowledge or notice is upon the plaintiff in the action. There is no testimony in this case to prove either knowledge or notice, and the submission of that question to the jury was error : May v. Burdett, 9 Q. B. 101; Munn v. Reed, 4 Allen, 431; Mann v. Weiand, 81* Pa. 243; Spring Co. v. Edgar, 99 U. S. 654; Sarch v. Blackburn, 4 C. & P. 297; Blackman v. Simmons, 3 C. & P. 138; Smith v. Pelah, 2 Str. 1264; Kittredge v. Elliott, 16 N. H. 77; Arnole v. Norton, 25 Conn. 92; Loomis v. Terry, 17 Wend. 496; Cockerham v. Nixon, 11 Ired. 269; Gladman v. Johnson, 36 L. J. (C. P.) 153; Stiles v. Cardiff Steam Nav. Co., 33 L. J. (C. P.) 319.

The gist of the liability of defendant being negligence, plaintiff was bound to prove a case free from contributory negligence; and the instructions prayed for in the third assignment of error should have been given to the jury : Strawbridge v. Bradford, 128 Pa. 204; Ry. v. Hassard, 75 Pa. 367; Crissey v. Ry., 75 Pa. 86.

*J. H. Jacobs, H. P. Keiser* with him, for appellee.—Defendant was liable for the injury: Mann v. Weiand, 81* Pa. 234; Wait's Actions and Defences, 311; Dolph v. Ferris, 7 W. & S. 370; Applebee v. Percy, 9 C. P. Rep. 655; Auchmuty v. Ham, 1 Denio, 495; Barrett v. R. R., 3 Allen, 101; 1 A. & E. Ency. L., p. 584; McKeone v. Wood, 5 C. & P. 1.

Contributory negligence cannot be imputed to defendant: 1 A. & E. Ency. L. 585; Plumley v. Birge, 124 Mass. 57; Legue v. Link, 4 E. D. Smith, 63; Glassy v. Ry., 57 Pa. 172; R. R. v. Spearen, 47 Pa. 300; Ry. v. Kassard, 75 Pa. 367; Crissey v. Ry., 75 Pa. 86.

OPINION BY MR. JUSTICE WILLIAMS, April 9, 1894:

The learned judge of the court below made no mistake in refusing the defendant's first point. This point asked an instruction to the effect that the defendant was not liable in the action if he did not own the dog that committed the injury. The fact assumed did not support the legal conclusion sought to be drawn from it. The defendant, although not the owner of the dog, might make himself liable to others, as owner, by knowingly keeping or harboring the animal upon his premises after knowledge of his vicious propensities. The important questions in this case were therefore whether the defendant did harbor the dog upon his premises, and whether he knew of his bad temper and propensity to bite before the injury to the plaintiff was inflicted. These were questions for the jury which upon the facts of this case were properly submitted. The several assignments of error relating to these subjects are therefore overruled.

The sixth assignment is to an instruction contained in the general charge, which was in these words: " The question for you is simply, was or was not this dog kept on defendant's premises with defendant's knowledge and consent, so that the defendant's property was the dog's home ? " The context shows that the jury was instructed that if they answered this question in the affirmative the defendant was liable precisely as an owner would be. This was right upon the circumstances of this case. The injury complained of was inflicted by the dog in the immediate vicinity of the defendant's premises. The owner was a young boy of about fourteen years who lived with the defend-

ant.   His mother was the defendant's sister and housekeeper.
The boy was a member of his family therefore, to whom he
stood in some sense loco parentis.   The dog had been given to
the boy some two years before this accident took place, and had
been brought by him to the defendant's home and there kept
with his knowledge and consent.   Upon these facts the ques-
tion we are considering was entirely proper.   We do not wish
however to be regarded as assenting to any general rule that
the owner of the premises on which a dog may be harbored is
liable for its vicious acts regardless of the age, employment, or
home of its owner, or the circumstances under which the injury
was inflicted.   The question of liability must depend on the
circumstances in each case, and no general rule can be laid down
depending solely on the answer to the question embodied in
this assignment of error, " Was or was not this dog kept on
defendant's premises with defendant's knowledge and consent,
so that the defendant's property was the dog's home ? "

If injustice has been done in this case it is the jury and not
the learned trial judge by whom it has been done.

The judgment is affirmed.