# Fowler *v.* Newbold, Appellant.

*Animals—Dogs—Ferocious dogs—Liability of keeper—Questions of fact—Question for jury.*

In an action to recover damages for injuries inflicted upon the plaintiff by a dog, it was testified that the defendant, immediately after plaintiff was injured, admitted ownership of the dog and was, at the time, in apparent charge of the animal and of the premises where he was kept. Ownership of the dog and of the premises were both denied by the defendant in her affidavit of defense. There was a conflict of testimony as to nearly all the facts material to the right of the plaintiff to recover. The trial court properly submitted the question of liability to the jury for determination.

If the defendant had control of the dog and knowing him to be vicious, permitted him to go out on the public street where people were passing to and fro, and where she had invited the plaintiff to come and deliver goods, it was a question for the jury whether this was not such a breach of duty as to involve responsibility for the results.

Argued October 24, 1922. Appeal, No. 24, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, April T., 1921, No. 264, on verdict for plaintiff, in the case of Edwin W. Fowler v. Eleanor C. Newbold. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACNEILLE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $192.60, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings of the court upon points submitted for charge, and refusal by the court to enter judgment for defendant non obstante veredicto.

*George Gowen Parry,* for appellant.

*Samuel Scoville, Jr.,* and with him *Norman W. Har-ker,* for appellee.

OPINION BY PORTER, J., July 12, 1923:

The plaintiff in this action of trespass seeks to recover damages for injuries inflicted by a ferocious dog, alleging responsibility on the part of defendant. The trial resulted in a judgment for the plaintiff and the defendant appeals.

There was a conflict of testimony as to nearly all the facts material to the right of the plaintiff to recover. The plaintiff testified that he was employed at a meat market and that he was taking a package of meat which defendant had ordered to her home at No. 2217 St. James Street, Philadelphia; that when he arrived at the house the daughter of defendant was on the front pavement and he delivered to her the parcel; that when he went to take his basket from the sidewalk the dog attacked and repeatedly bit him and tore his clothing; that the daughter of defendant caught the dog by the collar and took him into the house and shut the door; that expecting the daughter to return he waited about fifteen minutes, that he then rang the front door bell when defendant came to the door and he complained to her of the action of the dog showing her his clothing; that defendant saw the places where the dog had bitten him; that defendant told him not to go to a doctor because the dog was wellbred, and the bite would not hurt him, that if it had been a different kind of a dog and went round the streets and got into garbage cans and the like of that it would be danger-ous; that he asked her whose dog it was and she said "It's my dog and it sleeps on my bed every night, and if anything happened to him I don't know what I would do"; and that she said "The dog bit a child once before and the lady came up to see me and after the lady saw the dog, it was such a nice dog, that she would not have

anything done to the dog." This testimony was suffi-
cient to sustain a finding that the defendant was re-
sponsible for the dog, and that she knew the animal to be
vicious and dangerous. The possession of such knowl-
edge by the defendant involved the legal obligation to
so restrain the animal that it could do no mischief, or
failing that, to assume liability for any injury that it
might do: McGurn v. Grubnau, 37 Pa. Superior Ct. 454.
The court did not err in refusing binding instructions in
favor of the defendant and overruling the motion for
judgment in her favor non obstante veredicto. It was
entirely proper for the court to admit evidence that the
dog had previously attacked other persons upon the side-
walk immediately adjacent to her premises and in the
presence of her daughter who was a member of her house-
hold. These were circumstances that naturally tended
to establish that the defendant knew, or must have
known, what this dog was doing and what his disposition
was: Snyder v. Patterson, 161 Pa. 98.

The defendant produced evidence tending to establish
that she and her brother lived in the house in question,
the lease of which was in the name of her brother, who
paid the rent and furnished the money to pay the bills,
while the defendant did the shopping and managed the
house. She testified that the account with the meat
market was in her own name and that that included the
meat that was fed to the dog. The evidence indicated
that the brother was absent from the common home every
day attending to business, and the day before the dog
inflicted the injury on the plaintiff, the brother had gone
to New York and did not return until after the occur-
rence; the brother occupied the second-story front room,
bath room and living room of the house. The evidence
produced by the defendant would have warranted a find-
ing that the brother owned the dog, and that the dog had
the run of the house. This defendant was not a hired
servant, she and her brother were living in the house, for
which he paid rent, but she "managed the house," in

which the dog was kept.   The learned counsel representing the defendant contended at the trial that, even if the defendant knew the dog was vicious, the plaintiff could not recover unless the defendant either owned the dog or owned the premises on which he was harbored.   The learned judge of the court below charged the jury that the question, upon this branch of the case, depended upon who had control of the situation at the time the injury occurred, saying: "If some one should place in my charge a dog that I knew to be ferocious, and I undertook to keep it, no matter where I undertook to keep it, if it was where the public would come in danger, and I knowingly was willing to undertake the charge and care and keep of a dog which I knew to be ferocious, I might not relieve the owner of responsibility in case some one was bitten, but I would assume a liability myself and a responsibility to keep that dog and to keep people reasonably safe from being bitten by a dog that I knew to be ferocious.   So, if you believe that the keeper of this dog was Mrs. Newbold, that she was in sufficient charge of its control, that she knew the dog was ferocious, and that she was in sufficient charge of those premises to have forced the dog to stay inside, or should have forced the dog to have been removed entirely from the premises, and she chose to keep a ferocious dog there, she would be liable.   On the other hand, if you believe she had no control over that situation, and she could not control this dog and its actions, but was subject to the orders of some one else, and on this day, in pursuance of some other person's orders, it was out and did this damage, why, obviously, you could not charge her with it, because to make her responsible you must show that she had the authority." While the correctness of this rule is not directly raised by any of the assignments of error, it was challenged by some of the points submitted by the defendant, the answers to which are assigned for error.   We are of opinion that this portion of the charge was a correct statement of the law.   If the defendant had control of the dog and

227, (1923).]          Opinion of the Court.

knowing him to be vicious, permitted him to go out on the public street where people were passing to and fro and where she had invited this employee of the meat market to come and deliver goods, it was a question for the jury whether this was not such a breach of duty as to involve responsibility for the results, or, in other words, whether the consequences of her act were not such as she ought to have foreseen were reasonably likely to follow. "The question of liability must depend on the circumstances in each case, and no general rule can be laid down depending solely on the answer to the question embodied in this assignment of error, 'Was or was not this dog kept on defendant's premises with defendant's knowledge and consent, so that the defendant's property was the dog's home?'": Snyder v. Patterson, supra.

The judgment is affirmed.