Surloff et al. *v.* Napoletano et ux., Appellants.

Argued October 12, 1936.  Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*F. J. Lagorio,* with him *L. B. Cook,* for appellants.

*J. Thomas Hoffman,* with him *Harry J. Applestein,* for appellees.

OPINION BY MR. JUSTICE STERN, November 23, 1936:

The minor plaintiff, a lad seven years of age, was bitten by a dog, and he and his parents brought suit against defendants, alleging that they owned and harbored it. Verdicts were rendered for plaintiffs. The wife defendant filed a motion for judgment n. o. v. on the ground that there was no evidence making her legally responsible. Both defendants moved for a new trial on the ground that the verdict was excessive. The appeal is from the overruling of these motions.

The wife defendant contended that the dog belonged to her husband, and that, although it was kept at their home and the title of the dwelling house was in her name, she could not be said to have harbored the dog, because the husband must be deemed to be the head of the household and there was no alternative but to allow him to keep his dog on the family premises. As was said in *Snyder v. Patterson,* 161 Pa. 98, 102: "We do not wish . . . to be regarded as assenting to any general rule that the owner of the premises on which a dog may be harbored is liable for its vicious acts regardless of the age, employment, or home of its owner, or the circumstances under which the injury was inflicted." In the present case, however, there were alleged admissions by the wife that she was the owner of the dog. Josephine Sherlavy testified: "Mrs. Napoletano ran out and hollered, 'Oh, *my* dog did something to Kenneth.'" Mrs. Loretta Bernard testified: "She [Maria Napoletano] said, 'They sued me, and they wish to keep the dog away from my house, away out in the country some place, and I no keep *my* dog for nobody, because the boy had no business to come and play with *my* dog.' Q. Did she say anything else? A. Well, I said, 'Why don't you give the

dog to somebody else, because he bit the other boy,' and she said, 'No; I no give the dog to somebody else. *I going to keep him.* They sued me. I no care,' and she was laughing." In view of this testimony it was obviously impossible to give binding instructions for the wife defendant, and judgment n. o. v. cannot now be entered in her favor.

As to the alleged excessiveness of the verdict, it appears that the boy's right ear was completely bitten off and he received serious lacerations resulting in a number of permanent scars upon his face and neck. A tube had to be inserted and maintained for some time in order to keep the ear open, and a resort to plastic surgery was necessary. The verdict for the boy was $6,500, which would not seem unreasonable for the permanent loss of the outer ear and for the other disfigurations. The verdict for the parents was $1,000. The expenses proved by them consisted of doctors' bills amounting to $155 and a hospital bill of $22, or a total of $177. There was no evidence as to any likely loss of future earnings by the boy or as to any necessity for further medical or surgical attention. Under these circumstances the verdict for the parents should be reduced to $177. With this modification the judgments are affirmed.