MARION E. MITCHELL, *pro ami*, *vs.* ANNETTE E. CHASE.

Piscataquis.    Opinion January 21, 1895.

*Action. Amendment. Dog. Keeper. R. S., c. 30, § 1.*

A declaration in the common law form, in an action of trespass against the keeper of a dog for injuries caused by such dog, is amendable by adding an averment thereto that the action is brought under the statute which allows the recovery of double damages for such injury.

A person may be liable for an injury caused by a dog which is kept by such person without the consent and against the wishes of the owner of the dog.

ON EXCEPTIONS.

This was an action of trespass to recover damages caused to the plaintiff by the bite of a dog, of which the defendant was alleged to be the owner and keeper in the first count, and keeper in the second count of the declaration.

After the jury had been impanelled and before the beginning of the trial, the plaintiff obtained leave against the objection of the defendant, to amend the writ by inserting a third count, similar to the second and declaring upon the statute, R. S., c. 30, § 1. The defendant took exceptions to the granting the amendment.

(Amended Declaration.) Also for that the said defendant, at said Milo, on the sixteenth day of July, A. D. 1891, was the keeper of a large dog, and on the said sixteenth day of July aforesaid, the defendant's said dog assaulted the plaintiff; bit her and scratched her, tore and lacerated the plaintiff's ear so that it has been badly swollen and inflamed ever since, impairing the plaintiff's hearing, and disfiguring the plaintiff's ear forever: and the assault of the said defendant's dog aforesaid, gave the plaintiff a severe nervous shock, so that she is unable to control her nerves, but jumps and cries out in her sleep and is unable to control herself when awake but is afraid of being bitten by dogs, and will run and scream when a dog goes toward her even in a playful manner; and said plaintiff has been by the assault of said defendant's dog disfigured for life; has had her hearing

impaired if not destroyed, and has been subjected and is now subjected to great pain and suffering and great nervous distress and suffering ; whereby and by force of the statutes in such case made and provided, an action hath accrued to the plaintiff to have and recover of said defendant double the amount of damages done as aforesaid, to the damage of said plaintiff (as she says) the sum of two thousand dollars. . . .

After the verdict which was for the plaintiff, the defendant also took exceptions to various portions of the charge to the jury, among which are the following :

" Negligence is not an element in this case, because, however careful an owner of a dog might be, if the dog did injury, the owner or keeper would be liable, and however gross negligence might be attributable to the owner or keeper of a dog, it would not add to the liability of such owner. . . .

"It is only necessary in this action for the plaintiff, taking upon herself the burden of proof, to satisfy you by a preponderance of testimony of the truth of two propositions. First, either that the defendant was the owner or keeper of the dog that did the injury, and, second, that the injury was done. . . .

Now, I have said to you that either the owner or the keeper would be liable. In this action there are three counts, as it is called, in the declaration ; in one of those counts the plaintiff declares against the defendant as the owner and keeper ; in the other two counts she declares against the defendant as the keeper. Now this statute is a penal statute to a certain extent, and must be construed strictly. Inasmuch as the plaintiff has alleged in one count that the defendant is the owner and keeper, to entitle her to a verdict under that count she must prove to your satisfaction that the defendant was both the owner and keeper ; and in the other two counts inasmuch as she has alleged against the defendant that the defendant was the keeper, she must satisfy you by a preponderance of the testimony that the defendant was the keeper of the dog. That is, the two propositions under the statute and under this writ which the plaintiff must satisfy you of, are these ; that at the time of the alleged injury the defendant was either the owner and keeper or the

keeper. If the owner alone on the 16th day of July, 1891, and not the keeper, this wouldn't satisfy the allegations in the writ. This might have been different under different declarations; but in this particular case the plaintiff must satisfy you, I say, either that the defendant was both owner and keeper upon the one hand, or simply keeper upon the other hand; being owner alone and not the keeper wouldn't be sufficient; being keeper alone and not the owner would be sufficient. . . .

" A keeper of a dog is the person who has the care of the dog, who has the custody of the dog, who has its control. It is not sufficient,—to take this particular case,—that the dog was at the house in which the defendant was living at the time of this affair, because the dog might have happened there; it might have followed its keeper there, or its owner, or its owner and keeper. It might have been called there by some member of the household for the moment, for the purpose of entertaining some member of the household by its tricks. But if a dog is enticed to the house of a person, there to be kept for a particular purpose, even for a short time, that person might become the keeper of the dog. . . .

" If you are not satisfied by a simple preponderance of the testimony,—and the amount of that and the effect of it you are to determine as I have frequently explained to you, gentlemen; —if you are not satisfied that Mrs. Chase was the owner and keeper upon the 16th day of July, 1891, then upon that proposition the plaintiff fails, and you come to the next proposition in the case, which is : Was Mrs. Chase on the sixteenth day of July, 1891, the keeper of the dog? That is, the person who at that time, for some period, either with the knowledge and consent of the real owner, or without, who had the care, the control or custody of the dog. And if such keeper, whether owner or not, then she is just as much liable as if owner. . . .

" Who was the keeper of the dog? If Mr. Buswell was the owner of the dog, but still for the purpose of protection, or for any other reason, Mrs. Chase had obtained the consent of Buswell to keep the dog on her premises,—by that I do not mean continually, of course, upon her premises,—but to make

the home of the dog upon her premises, then she would be the keeper of the dog and liable for any injury that the dog committed."

*J. B. Peaks and M. W. McIntosh*, for plaintiff.

Amendment: As to common law liabilities, counsel cited: *Van Leuven* v. *Lyke*, 1 N. Y. 515, quoted in 44 Maine, 330; *Earle* v. *Van Alstine*, 8 Barb. 630. (Pleading): 1 Chit. Pl. 2d Am. Ed. p. 359; *Smith* v. *Montgomery*, 52 Maine, 178; *Mitchell* v. *Clapp*, 12 Cush. 278; *Hussey* v. *King*, 83 Maine, 568; *Reed* v. *Northfield*, 13 Pick. 94; *Clark* v. *Worthington*, 12 Pick. 571; *Worster* v. *Canal Bridge*, 16 Pick. 541. Amendment allowable as matter of form: *Barter* v. *Martin*, 5 Maine, 78; *Kellogg* v. *Kimball*, 142 Mass. 124; *Loring* v. *Proctor*, 26 Maine, 18; *Brewer* v. *East Machias*, 27 Maine, 489; (other amendments) *McVicker* v. *Beedy*, 31 Maine, 314; *Rand* v. *Webber*, 64 Maine, 191; *Pullen* v. *Hutchinson*, 25 Maine, 249; *Steward* v. *Walker*, 58 Maine, 304; *Merrill* v. *Curtis*, 57 Maine, 152; *Page* v. *Danforth*, 53 Maine, 174; *Harvey* v. *Cutts*, 51 Maine, 607; *Walker* v. *Fletcher*, 74 Maine, 142; *Dodge* v. *Haskell*, 69 Maine, 429; *McFadden* v. *Hewett*, 78 Maine, 24; *Kelly* v. *Bragg*, 76 Maine, 207; *Place* v. *Brann*, 77 Maine, 342. R. S., c. 82, § 10.

*Henry Hudson and G. W. Howe*, for defendant.

Plaintiff waived statute remedy by bringing action at common law. Oliver's Prec. 4th Ed. 685-6; Suth. Stat. Construction, § 358 and cases; *Reed* v. *Davis*, 8 Pick. 514; *Bay City R. R. Co.* v. *Austin*, 21 Mich. 390; 2nd, Inst. 200; Comyn's Dig. (action upon statute) p. 322, 4th Ed. "C"; *Palmer* v. *York Bank* 18 Maine, 166; *Pierce* v. *Conant*, 25 Maine, 36; *Mason* v. *Waite*, 1 Pick. 452; *Hobbs* v. *Staples*, 19 Maine, 219; *Heald* v. *Weston*, 2 Maine, 348; *Barter* v. *Martin*, 5 Maine, 78; *Bayard* v. *Smith*, 17 Wend. 88; *Smith* v. *Moore*, 6 Maine, 274; *Peabody* v. *Hoyt*, 10 Mass. 38. Amendment allows double damages in place of single damages at common law.

Exceptions: A person cannot be keeper of a dog unless the dog is lawfully in possession of such keeper; and in order to be

lawfully in possession of such keeper a dog must be kept by such person either with the knowledge or consent of the owner. A person cannot be said to be the keeper of a dog that does not either have the consent of the owner to keep it, or keeps it with the knowledge of the owner. There must be some consent. The instruction to the jury, " the person who at that time, for some period, either with the knowledge and consent of the real owner, or without, had the care, control or custody of the dog," was not in conformity with the law.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, STROUT, JJ.

PETERS. C. J.   This is an action of trespass for injuries suffered by a child from the result of an attack upon her by an enraged dog ; the original declaration containing two counts in which it was charged that the defendant was at the time of the attack the owner or keeper of the dog.   Objection was taken to the allowance by the court of an amendment by adding a third count containing the substance of either of the original counts with the words appended thereto, and not in the original counts, as follows : " Whereby and by force of the statute in such case made and provided an action hath accrued to the plaintiff to have and recover of the defendant double the amount of damages done as aforesaid."

There is no doubt that the action is remedial and not penal in the technical sense, and that the declaration is amendable, if an amendment be considered desirable for a fuller statement of the plaintiff's claims in the case.   The form of the action indicated the intention of the pleader to institute an action under the statute which allows double damages.

Detached portions of the judge's charge are grouped together in an irregular way in the bill of exceptions, in the main unquestionably favorable to the defendant, and we do not understand by the defendant's brief that any objection is urged against these sayings or rulings of the court, excepting that complaint is made of the remark by the judge that

the defendant might be regarded as the keeper of another person's dog so as to establish her liability under the statute referred to, even though she might be keeping the dog without the owner's consent. It seems the defendant set up the contention that, although formerly the owner of the dog, she had prior to the injury complained of sold him to another person, and that, if she harbored the dog after the sale, it was without the owner's consent. We think such an instruction would be unobjectionable. If the dog persisted in returning to his former mistress and she allowed him to remain, she would become his keeper for the time being. One may be in the wrongful possession of a dog and still be his keeper. The question was whether a keeper or not and not whether a rightful keeper. A person might even steal a dog and become his keeper. The fact relied on would be a legitimate piece of evidence bearing on the issue whether she was really the dog's keeper or not.

*Exceptions overruled.*