HAGENAU, by guardian *ad litem,* Respondent, vs. MILLARD, Appellant.

*October 19, 1923—February 12, 1924.*

*Animals: Dogs: Liability of keeper for damage caused by dogs: What constitutes "harboring" a dog.*

1. Whether or not a person is a keeper of a dog depends upon the peculiar facts and circumstances of each individual case; and in order to be a keeper of a dog one must harbor it in the sense of protecting it and controlling its actions.  p. 547.
2. Dogs are property, and the owners are protected in their property rights by law.  p. 548.
3. The defendant, the proprietor of a restaurant, is *held* as a matter of law not to be a keeper of dogs where the evidence showed that the owner of the dogs was not a member of defendant's family, although she performed services about his house and took her meals at the restaurant, and that the dogs were frequently upon the premises of the defendant, who manifested affection towards them, it not appearing that the defendant furnished any shelter, protection, or food to the dogs or ever exercised any control over them.  p. 549.

4. The defendant not being the harborer of the dogs was not liable
   for injuries alleged to have been sustained by the plaintiff,
   who was attacked by them as she was about to enter a building
   adjacent to the restaurant property.   p. 548.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge.  *Reversed.*

This is an appeal by the defendant *Millard* from a judgment affirming a judgment of the civil court of Milwaukee county in favor of the plaintiff and against said defendant *Millard*.

The action was brought against the defendants to recover damages for alleged dog bites, it being charged that both of the defendants were keepers of the dogs in question.  *Millard* was the lessee of a three-story building located at 463 Milwaukee street in the city of Milwaukee, the first floor of which building was used by him in conducting a restaurant, while the second floor and a part of the third floor were devoted to lodgings of guests stopping at his hotel. On the northeast corner of the third floor were located two rooms occupied by the defendant Ritter and his wife, for one of which rooms Ritter paid a stipulated sum by way of rental, while for the other room Mrs. Ritter, who was a sister-in-law of the defendant *Millard,* performed services in and about the conduct of the restaurant, and for which services, in addition, she received a specified sum as wages. Entrance from the first floor to the Ritter apartments was obtained by means of a front and rear stairway, and the evidence shows that there was no direct connection between such stairways and the restaurant, excepting only by the use of the doorway leading from the street to the restaurant, or the one entering from the rear of the premises into the kitchen.   In the rear of the restaurant was a one-story building consisting of an addition to that part of the building occupied for a restaurant, which addition was used as a kitchen.

Mrs. Ritter was the owner of three bulldogs, one being a mother dog and the other two being its puppies, and these dogs were kept by her in her apartments on the third floor of the building.

On May 20, 1921, shortly before 8 o'clock p. m. of that day, the plaintiff while entering the undertaking establishment of one Brigden, adjoining the *Millard* property, was attacked and bitten by the three bulldogs, and it is attempted by plaintiff to fasten liability upon the defendant *Millard* as a *keeper* of the dogs.

The case was submitted to a jury of the civil court upon a special verdict, in which, among other things, it was found that the defendant Ritter was not the keeper of the dogs, but that *Millard* was such keeper, and upon such special verdict as so found the civil court ordered judgment in plaintiff's favor against *Millard;* and upon an appeal to the circuit court the judgment of the civil court was affirmed.

For the appellant there was a brief by *Leahy & Kenney,* attorneys, and *Rubin, Wurster & Rouiller,* of counsel (brief by *C. F. Rouiller* and *W. B. Rubin*), all of Milwaukee, and oral argument by *Mr. Rubin.*

*Carl H. Juergens* of Milwaukee, for the respondent.

The following opinion was filed November 13, 1923:

DOERFLER, J. The principal question presented on this appeal is: Is there credible evidence in the case sustaining the finding of the jury that *Millard* was a keeper of the dogs?

It appears that the dogs belonged to Mrs. Ritter, and were kept by her in her apartments on the third floor of the *Millard* building; that during the hot weather in the summer she at times kept them upon the roof of the kitchen; that on a number of occasions the dogs, particularly the puppies, would follow their mistress into the restaurant, where occasionally they received bones from guests patronizing the

restaurant; that both *Mr.* and Mrs. *Millard* were fond of the dogs and occasionally petted them, and on a number of occasions took them out riding in their automobile; that the dogs were seen on quite a number of occasions in the restaurant, by either patrons or neighbors; and that just before the injuries were inflicted the dogs were seen coming from the *Millard* restaurant. Such evidence plaintiff's counsel claims raised a jury issue as to whether *Millard* was the keeper of the dogs, and that, the jury having answered the question in the affirmative, such verdict cannot now be disturbed.

Whether or not a person is a keeper of a dog depends upon the peculiar facts and circumstances of each individual case. *Boylan v. Everett,* 172 Mass. 453, 52 N. E. 541; *Snyder v. Patterson,* 161 Pa. St. 98, 23 Atl. 1006.

To be a keeper of a dog one must harbor the animal, and the word "harbor" in its meaning signifies protection; and it has been held that the keeper is one who treats the dog as living at his house and who undertakes to control his actions; "but the casual presence of an animal, or his presence if not so treated, does not constitute him such owner or keeper." 3 Corp. Jur. p. 106, § 345. See numerous cases cited in notes 14, 15, 16, and 17.

Where a child is the owner of a dog kept on the premises of the father, who supplies it with food and furnishes it with shelter upon his premises, the father is deemed to be a keeper of the dog. Also, where a dog belonging to a servant is kept upon the premises of the master, with his knowledge and consent, the latter is a keeper. 3 Corp. Jur. p. 106, § 345, and cases cited in note. However, where a servant or tenant occupies a distinct portion of the premises of the master, where the dogs are kept, the master is not the keeper. Numerous cases are cited and referred to on the subject of who is a keeper in the note appended to *Holmes v. Murray* (207 Mo. 413, 105 S. W. 1085), 17 L. R. A. N. S. on p. 431. A reading of these cases serves

the purpose of obtaining the general views of various courts upon the subject considered, and will facilitate in a measure the formulation of certain fundamental general rules which may serve as a guide or standard in aid of the solution of the question as to who may be deemed a keeper of a dog; but the principles as stated by the text-book writers above referred to, and the holdings of the above authorities, appear to us to be in harmony with the great weight of authority and the principles of natural justice and control the decision of this case.

Dogs belong to a distinct class of domestic animals. They are not outlaws. They serve many useful purposes; are the companions and playmates of youth and the household pets of families. They are protectors of life and of property, and generally manifest human instincts and emotions in a very marked degree. They are now considered property, and the owners are protected in their property rights by law.

In the instant case Mrs. Ritter, the owner of the dogs, was not a member of the *Millard* family. True, she performed services in and about the *Millard* premises, and both Mr. and Mrs. Ritter were in the habit of taking their meals at the restaurant. Mrs. Ritter is a sister of Mrs. Millard, but she occupied separate and distinct portions of the premises and maintained a separate and distinct home or place of abode. It is but natural, under the circumstances, where the Ritters lived in the same building, and where the relationship of master and servant existed between *Millard* and Mrs. Ritter, that occasions would frequently arise where the dogs would follow their mistress, and might frequently appear upon the premises owned and controlled by *Millard,* and that their presence would provoke manifestations of affection from time to time on *Millard's* part. There is no evidence, however, in the case which tends to indicate that either *Mr.* or Mrs. *Millard* could be deemed to be harborers of the dogs; that they furnished them with shelter, protection, or food, or that they exercised control over the dogs.

There is no evidence in the case showing that these dogs were so attached to *Millard* and his wife as to follow them upon the public streets or highways, or that the dogs were the constant companions of the *Millards;* on the contrary, it would appear that the only control exercised over these dogs was on the part of the Ritters. Under such circumstances it appears to us it is not possible to say that the question of whether *Millard* was the keeper of the dogs raised a proper jury issue, and we are constrained to hold as a matter of law that *Millard* was not the keeper.

However much we may sympathize with the unfortunate plaintiff on account of her injuries, in our opinion she should have confined her efforts to recover damages from Mrs. or Mr. Ritter. The judgment of the circuit court is therefore reversed.

*By the Court.*—Judgment reversed, and the cause is remanded with directions to dismiss the plaintiff's complaint, with costs.

The respondent moved for a rehearing.

In support of the motion there was a brief by *Carl H. Juergens,* attorney, and *A. J. Schmitz,* of counsel, both of Milwaukee.

The motion was denied, without costs, on February 12, 1924.