CLIFTON, Appellant, vs. SMITH, Respondent.

*December 7, 1925—January 12, 1926.*

*Automobiles: Collision with person in highway: Negligence: Excessive speed in dangerous place: Proximate cause: Contributory negligence: Appeal from judgment: Order changing answers not reviewed.*

1. In an action for personal injuries sustained by plaintiff when struck by defendant's automobile, the court set aside the answer of the jury finding that defendant was guilty of no negligence and found him guilty of negligence as a matter of law. *Held,* on failure of plaintiff to appeal from the court's action and of defendant to apply for a review of such action under sec. 3049*a*, Stats., the matter is not properly before the appellate court on an appeal from the judgment. p. 562.

2. Where the driver of the automobile, going down a steep hill on a curving highway, was traveling at a reckless rate of speed, he was guilty of negligence as a matter of law regardless of the fact that the top of his car gave way and came down on him so that he had to drive with one hand, and, as a matter of law, such negligence was the proximate cause of the injury to plaintiff, who was struck while standing in a ditch at the side of the road. p. 563.

3. Plaintiff, who had got out of a stalled automobile and was walking near it, and, on the approach of defendant's automobile, went into a ditch at the edge of the highway and turned her back to escape the glare of light from the approaching automobile, was not guilty of contributory negligence as a matter of law. p. 563.

APPEAL from a judgment of the circuit court for Richland county: S. E. SMALLEY, Circuit Judge. *Reversed, with directions.*

This is an appeal from a judgment dismissing plaintiff's complaint. Plaintiff appeals from the judgment.

This was an action on account of personal injuries received by the plaintiff by reason of the defendant striking her with his automobile. The case was tried before the court and a jury, and a special verdict rendered. The verdict was to the effect that the defendant was not guilty of

negligence in operating his automobile, and that the plaintiff was guilty of contributory negligence proximately contributing to her injuries. The damages were assessed at $2,500.

Upon motion of the plaintiff the trial court changed the answer to the first question from "No" to "Yes," thereby holding the defendant guilty of negligence. The question submitted as to whether the defendant's negligence was the proximate cause of the plaintiff's injuries was not answered.

For the appellant there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *A. W. Kopp.*

For the respondent there was a brief by *Brindley & Brewer* of Richland Center, and oral argument by *C. E. Brindley.*

CROWNHART, J. The plaintiff, with her husband and their son, together with the driver, was riding in a Ford truck up a long, steep hill, when the car became stalled by reason of the failure of the gasoline supply. The car stopped in the middle of the highway and the brakes were set. The husband and son went to a near-by farm house to get a supply of gasoline. It was in the evening, dark, and the night was cold. The plaintiff and the driver got out of the truck and walked around to keep warm. They saw the reflection of a light in the sky from a car at the top of the hill. The driver ran up to a curve in the highway, a distance of seventy-five or one hundred feet beyond the truck, and saw the car coming down at a speed estimated at thirty miles an hour. He waved his arms and called out to the driver of the car to stop, but the driver continued down the hill, swept around the curve, and down toward the truck.

The highway was built along the side of the hill. On the one side was a steep bank or ledge of rock. On the other was a fill, and at the edge of the fill was a railing. The highway was twenty-eight feet wide, and the Ford truck was stalled in the middle of the highway. On the

ledge side of the highway was a ditch sloping from the highway toward the bank, from eighteen inches to two feet wide and about sixteen inches deep near the ledge. There was a distance between the stalled truck and the ditch of about nine feet. Defendant's car was a Ford touring car, about five feet eight inches wide. There was plenty of room on the traveled highway for his car to pass the truck on either side. The defendant came down toward the truck, and when within a short distance of the truck he turned to pass the truck on the side of the ledge of rock, and his car ran into the ditch, striking the plaintiff, who had sought refuge there. The plaintiff had gone to the ledge of rock and stood with her back against it after she had noticed the light reflected in the sky. As the defendant's car swung around the curve, the lights from the car flashed into her eyes, and to avoid the glare she turned her back to the car, with her shoulder against the ledge, and in that position she was hit by the car as it went into the ditch. Such are the essential facts in the case.

The jury found the defendant guilty of no negligence, but the court set the answer aside and held that the defendant was guilty of negligence as a matter of law. From this action of the court no appeal has been taken, and no application to review such action of the court was made under sec. 3049a, now sec. 274.12, Stats., so the matter is not properly before the court. However, the defendant's attorney has argued the subject in his brief and in oral argument, and we have given the evidence sufficient consideration to ascertain whether or not "it is probable that justice has for any reason miscarried." From the statement of the evidence heretofore given it is plain that the defendant was traveling at a reckless rate of speed, considering that he was going down a steep hill on a highway that curved in and out. He claims that as he came near the truck his car struck some object in the highway, which

caused the top to give way and come down upon him, so that he had to hold the top with one hand and drive with the other, and that the accident was unavoidable. Conceding that the accident was unavoidable at the time, the proximate cause of the accident was the speed at which he was driving his car. We conclude that the court was justified in setting aside the verdict and holding the defendant guilty of negligence as a matter of law.

There was no finding that the defendant's negligence was the proximate cause of the plaintiff's injuries, but the facts are substantially undisputed, and it must be held as a matter of law, under the evidence, that such negligence was the proximate cause of plaintiff's injuries.

The jury found the plaintiff guilty of negligence contributing to her injuries, and the court refused to change the answer of the jury on this question. We therefore must consider the facts to see if there was any evidence to be submitted to the jury from which the jury might have found contributory negligence.

It is the unquestionable right of a pedestrian to seek safety from automobile traffic at either side of the highway. The plaintiff chose to go into the ditch next to the ledge of rock. She was entirely out of the traveled part of the highway and in a place of apparent safety. It is argued that because she turned her back to escape the glare of light she was guilty of negligence. It is claimed that she should have kept a lookout, and when she saw the car turn in toward the ditch that she should have run to the other side of the highway to escape. The evidence is too clear to leave any doubt that the plaintiff would not have had time, if she had been looking, to have escaped in front of the automobile. It would have been a highly negligent act on her part to have attempted to cross in front of the rapidly approaching automobile before her danger became apparent, and she had a right to rely on the driver keeping to the

highway instead of running into the ditch. There is no evidence that can be properly said to sustain the verdict of the jury as to the contributory negligence of the plaintiff. The verdict of the jury on that subject must be set aside and the plaintiff held free from negligence.

This case is ruled by very familiar principles of law, and it is unnecessary to cite authorities.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment in favor of the plaintiff for the amount of the damages found by the jury.