JANSSEN, by guardian *ad litem*, Respondent, vs. Voss, Appellant.

*January 15—February 9, 1926.*

*Animals: Liability of keeper of a dog: What constitutes a keeper.*

1. Under sec. 174.02, Stats., the owner or keeper of a dog is absolutely liable for any injuries to any person caused by it, irrespective of the care exercised by the owner or keeper. p. 223.
2. Where the widowed mother of an infant owner of a dog which was kept in her home placed it in a dog hospital and left town, leaving her infant son in the care of another, the mother was not the keeper of the dog within the meaning of sec. 174.02, Stats., and therefore was not liable for injuries caused by the dog after it was taken from the hospital by the infant son. p. 225.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *A. B. Fontaine.*

For the respondent there was a brief by *Cady, Strehlow & Kaftan* of Green Bay, and oral argument by *Robert A. Kaftan.*

OWEN, J. The defendant is a widow and the mother of two children, the older, William B., being of the age of fourteen years at the time of the occurrence giving rise to this action. She had purchased and given to said son William B. a pure-bred collie dog. The registry certificate shows the ownership of said dog registered in the name of William B., and the city license also shows the ownership to have been in said son. Defendant and her two children comprised her immediate entire family.

During the latter part of May, 1924, a brother of defendant died, and on June 1, 1924, defendant left Green Bay to attend the funeral in Michigan. She caused the dog to be placed in a dog hospital in Green Bay, to be kept during

her absence.   She left her two children at the home of Mr.
and Mrs. Frank Kress, to be cared for until her return.   A
couple of days after the defendant's departure the son Wil-
liam B. complained to Mrs. Kress that the dog was being
misused at the hospital.   Mrs. Kress gave him two dollars
with which to pay the accumulated hospital charges for the
dog.   The boy took the dog from the hospital, brought it to
the Kress home, and tied it to a clothes line in the back yard.
The plaintiff, an infant seventeen months of age, whose
parents resided on a lot adjoining the Kress home, wandered
into the Kress yard and was bitten by the dog.   This action
was brought to recover damages resulting from such bite.

The case was tried before a jury, and a special verdict
returned, by which it was found that the defendant did not
fail to exercise ordinary care in placing the dog for keep-
ing during her absence, and damages were assessed in the
sum of $500.   The court held the question whether the de-
fendant had exercised ordinary care in placing the dog for
keeping during her absence was immaterial; that sec. 174.02,
Stats., imposes an absolute liability upon the owner or
keeper of any dog which has injured or caused the injury
of any person, irrespective of the degree of care which the
owner or keeper of such dog may have exercised, and ren-
dered judgment in favor of the plaintiff.

The trial court was no doubt correct in holding that the
degree of care exercised by the defendant in providing for
the keeping of the dog was immaterial. *Legault v. Malacker,*
166 Wis. 58, 163 N. W. 476.   While it is stated in that case
that conduct on the part of the injured person inviting an
assault by the dog might constitute a defense, no such con-
duct on the part of the injured child is relied upon in this
case, and the sole question presented is whether the defend-
ant was the keeper of the dog at the time of the injury.
That she was the keeper of the dog up to the time of her
departure to attend the funeral is conceded.   She bought the
dog for her son, brought it to her home, and it had there

been maintained at her expense and under her control for a year prior thereto. Upon her departure she directed what should be done with the dog. It may here be stated that she left explicit instructions with her older son, with Mrs. Kress, and with her pastor, who arranged with the hospital for its keeping, that the dog should remain at said hospital during her absence. However, the older son, the owner of the dog, became solicitous for its welfare, thought it was mistreated at the hospital, implored Mrs. Kress for money with which to procure the release of the dog, removed it from the hospital, took it to the Kress home, and tied it to a clothes line in the back yard. Was the defendant then the keeper of the dog? The disposition of the case turns upon the answer to that question.

We recently had occasion to consider the question of what constitutes the keeper of a dog in *Hagenau v. Millard,* 182 Wis. 544, 195 N. W. 718, but in connection with circumstances not at all similar to those here presented, and our discussion of the question in that case furnishes very little aid in construing the circumstances here presented. A keeper is defined as one "who keeps, one who watches, guards, etc.; one having custody." Webster's Dict. It is apparent that the keeper of a dog may or may not be the owner of the dog. Where the keeper is not the owner, it may be assumed, as a general proposition, that the dominion or authority of the keeper over the dog is a limited one, subject to be terminated at any time by the owner. In the absence of special circumstances, the owner may terminate the dominion of the keeper over the dog at any time and remove the dog from the custody of the keeper. The moment that is done, the dual authority theretofore exercised over the dog by the owner and the keeper is merged in the owner, and at that very moment the keeper's rights and responsibilities concerning the dog are at an end. Let us assume that the instant dog was owned by the defendant's adult son, who had left it in her care and keeping during his absence from home, and that upon his return home, find-

ing his mother absent and the dog in the hospital, he had exercised his undoubted right, taken possession of the dog, and removed it therefrom. Can it be said that thereafter the mother was the keeper of that dog? The answer to that question is obvious. The owner, *ipso facto* and instanter, would have become the keeper of the dog and defendant's authority over and liability for the dog would have immediately ceased. Does the infancy of the son compel a different conclusion? There is no doubt that an infant may hold title to property, either real or personal. There is no doubt that the legal title to this dog was in the infant son. Can there be any doubt that this infant son could have maintained an action against the keeper of the hospital and recovered the possession of the dog? We know of no legal defense that the keeper of the hospital could have interposed to such an action. The dominion of the mother over the dog was not by reason of the fact that she was the guardian of the property of the son. While she was his natural guardian, her authority in that capacity did not extend to his property rights, and her action in placing the dog in the hospital had no effect whatever upon the property rights of the son in the dog. 29 Cyc. 1654. Her action in that respect was simply in discharge of duties resting upon her as keeper of the dog, and in no manner affected the property rights of the infant son in and to the dog.

We are forced to the conclusion that when the owner of the dog, even though such owner be the infant son of the defendant, took personal custody and possession of the dog, even though such action on his part was against the will and consent of his natural guardian, the mother, he thereby became the legal keeper of the dog, and that the mother was no longer responsible for the conduct of the dog. From this conclusion it results that the judgment should be reversed, and the cause remanded with instructions to dismiss plaintiff's complaint.

*By the Court.*—So ordered.