KOETTING, Appellant, vs. CONROY, imp., Respondent

*November 9, 1936—February 9, 1937.*

For the appellant there were briefs by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

For the respondent there was a brief by *Olwell & Brady,* and oral argument by *W. F. Radke* and *A. McG. Schlesinger,* all of Milwaukee.

The following opinion was filed December 8, 1936:

FOWLER, J. The plaintiff was injured by a dog owned and at the immediate time under the control of the adult daughter of the defendant A. J. Conroy. The dog ran into the plaintiff from behind and caused her to fall, and in the fall she sustained serious and permanent injury to her hips. The dog had been unleashed by its owner and was running in a public park. On trial of the case, judgment went against the owner of the dog, who is not appealing, but a verdict was directed in favor of the respondent who admittedly was not the owner of the dog or present at the time of the injury, except as the provision of sec. 174.05 (1), Stats., providing that one who "harbors" a dog makes him the owner. The

claim against the respondent is based upon sec. 174.02, Stats., which reads as follows:

"*Owner's liability.* The owner or keeper of any dog which shall have injured or caused the injury of any person or property or killed, wounded or worried any horses, cattle, sheep or lambs shall be liable to the person so injured and the owner of such animals for all damages so done, without proving notice to the owner or keeper of such dog or knowledge by him that his dog was mischievous or disposed to kill, wound or worry, horses, cattle, sheep or lambs."

The plaintiff, in order to make a case against the respondent, had to show facts, (1) which made him the keeper of the dog; and (2) which brought the circumstances of the injury within the statute.

(1) The evidence showed that the adult daughter of the respondent, who owned the dog, lived in his home as a member of his family and received her board and lodging and entire support from him. The dog was kept in the dwelling house of respondent, with his knowledge and permission, and fed from the remnants of his table. The respondent at times played with the dog, and had permitted his daughter to take it into the automobile when she accompanied the respondent on a trip. There was no evidence that the respondent ever took the dog with him when he was alone, either in the automobile or when out walking, or that he took the dog out for exercise. The respondent had no knowledge that the daughter had the dog out at the immediate time, but did know that she was in the habit of taking it out as she did in the instant case.

It must be held that the respondent was the keeper of the dog if we adhere to what was said in *Hagenau v. Millard*, 182 Wis. 544, 547, 195 N. W. 718:

"Where a child is the owner of a dog kept on the premises of the father, who supplies it with food and furnishes it with shelter upon his premises, the father is deemed to be a keeper of the dog."

The following cases support this statement and hold as below stated:

*Holmes v. Murray,* 207 Mo. 413, 105 S. W. 1085. A person is liable for sheep killed by a dog belonging to his daughter, where she lived with him and kept house for him, and dogs were kept by her with his consent. The statute involved provided that the owner of sheep killed by a dog might recover of the "owner or keeper" of the dog.

*Davidson v. Manning,* 168 Ky. 288, 181 S. W. 1111. A dog was owned by a minor son and kept on his mother's premises with her knowledge and consent. Under a statute providing that every person "owning or harboring a dog shall be liable . . . for all damages done by such dog" both the son and the mother were held liable as joint harborers to a person bitten by the dog.

*Adams v. Brown,* 140 Mo. App. 434, 124 S. W. 1065. Under a statute making the owner or keeper of a dog liable for damages for injury to domestic animals, a person was held liable where a dog that committed injury was kept at his home by his son living with him when kept with his knowledge and consent.

*Slater v. Sorge,* 166 Mich. 173, 131 N. W. 565. The defendant was the husband and head of the family. His wife owned a dog which was kept on his premises. The husband was home week-ends only. He was held to be the keeper of the dog and liable for the injury done by its biting.

*Jenkinson v. Coggins,* 123 Mich. 7, 81 N. W. 974. The defendant owned a farm which was operated on shares by her son, twenty-eight years old. The son lived with the defendant on her farm. The son owned a dog. The mother was held liable under statute making liable the "owner or keeper" of a dog injuring the plaintiff's horse when the plaintiff was traveling on the highway and caused it to injure him.

*Plummer v. Ricker,* 71 Vt. 114, 41. Atl. 1045. A father was held to be the keeper of a dog owned by his minor son,

and liable for injury done by it where he permitted the dog to be housed and fed on the premises and to run at large.

*Snyder v. Patterson,* 161 Pa. 98, 28 Atl. 1006. One who permitted a minor nephew living with him as a member of his family to keep a dog was held liable as the keeper of the dog for injuries done by it.

Under these cases and our statute we are of opinion that the respondent was the keeper of the dog. Some Massachusetts cases seem to impose other conditions as necessary to make one who permits a dog to be kept on his premises its keeper, but what the conditions are is not clear. *Whittmore v. Thomas,* 153 Mass. 347, 26 N. W. 875; *Boyland v. Everett,* 172 Mass. 453, 457, 52 N. E. 541. Respondent cites *Mitchell v. Chase,* 87 Me. 172, 32 Atl. 867, as holding as necessary to constitute a person the keeper of a dog that he must be one who has "the care of the dog; who has the custody of the dog; who has its control." While one would be the dog's keeper who fulfilled these conditions, the statement does not negative one's being a keeper who does not fulfil them. The word "control" is subject to different limitations. The defendant in the instant case doubtless exercised no control over the dog except that he controlled whether the dog should be kept in his home or not, and whether it should be fed from the family larder or not, but that sort of control is the thing that, in view of the statute and the cases above cited, make him the dog's keeper.

It is argued by respondent that a person is not the keeper of a dog unless it is under his custody and control. Cases are cited that on the face of the statements in the opinions give color to the contention. *Burnham v. Strother,* 66 Mich. 519, 33 N. W. 410; *Mitchell v. Chase, supra; McLaughlin v. Kemp,* 152 Mass. 7, 25 N. E. 18. We consider this view too narrow. If a father permitted his child to keep a dog on his premises, and the dog killed a neighbor's sheep, we are of

opinion that under our statute the father would be held liable. One purpose of the statute is to protect domestic animals from injury by dogs by whomsoever the dogs are kept or harbored, and to make a person who keeps or harbors a dog responsible for all injuries inflicted by it upon animals. The same is true respecting injury done to persons, providing that the injuries are inflicted under circumstances such as the statute contemplates, which we consider under (2).

It is also contended that the keeper is not liable for injuries done by a dog if the dog is under the control of another at the immediate time. The cases of *Janssen v. Voss,* 189 Wis. 222, 207 N. W. 279, and *Hagenau v. Millard, supra,* are claimed to sustain this view. Here also we consider that the statute does not permit of such a limitation. It is inconsistent with the purpose of the statute. If one is the keeper of a dog, he is made responsible by the statute for injuries inflicted by it. In the *Voss Case,* the mother of the boy who owned the dog particularly exempted herself from being its keeper by causing the dog to be kept for the period of her absence in a dog hospital. To be within the rule of the *Hagenau Case,* the defendant should have refused to permit the dog to be kept on his premises, should have compelled the daughter to keep it or have it kept elsewhere. In the *Hagenau Case,* the defendant was held not to be the keeper of the dog because the dog was kept by its owner with the defendant's permission in an apartment rented by the owner from the defendant. The dog at times entered the defendant's restaurant where its owner worked without being removed and was in the restaurant at the time of the injury. The case holds, in effect, that the statute does not contemplate that the owner of an apartment building, one of whose tenants owns a dog and keeps it in the apartment which he rents, is liable for injuries inflicted by the dog. The owner of the dog was held to be its keeper, and its only keeper under the

statute as construed by the court. That construction does not cover the facts of the instant case.

(2) The contention of the respondent under this head is that the statute only covers acts of a dog that are due to its vicious or mischievous habits or disposition. The claim is, in effect, that the word "mischievous" in the statute indicates that only vicious and mischievous acts or acts due to the vicious or mischievous habits or disposition of the particular dog are covered by the statute; and it is claimed that mere running, which is all that the evidence disclosed the dog did in the instant case, is neither vicious or mischievous and not within the purview of the statute.

The contention that only vicious and mischievous acts are covered by the statute receives some support from *Fox v. Koehnig,* 190 Wis. 528, 209 N. W. 708, which was an action to recover for personal injuries inflicted by a horse, that it was claimed was negligently permitted to run at large in the highway by running from the side of the road into a traveling automobile and injuring one of the occupants. It is there said, at pages 542, 543:

"In all the cited cases the courts have applied the fundamental doctrine that the owner of domestic animals is liable for damages resulting from the propensities of the particular species, and from the vicious or mischievous propensities of the individual animal."

It is further said in immediate connection:

"This is a doctrine that applies to animals generally, modified only by statutes relating to dogs, which make the owner liable for the first as well as the second bite."

But the statement nevertheless tends toward the point that the statute was intended to go no further than to impose liability for injuries resulting either from vicious or mischievous traits of dogs as a class and such traits of individual dogs. The case of *Schraeder v. Koopman,* 190 Wis. 459, 209 N. W. 714, is precisely in point upon this proposition.

In that case a dog crossing the road was struck by an automobile, with resulting loss of control and injury to the driver of the automobile. It is there said, at page 461 :

"Considering the history of the statute [which is stated in the opinion] and the decisions of this court, it is plain that the statute does not impose liability on the owner for damages caused by the innocent acts of his dog, but only for its vicious or mischievous acts. Such damages resulting from innocent acts of the animal must rest, if at all, upon the negligence of the owner, the same as for damages resulting from acts of other animals. As to other animals running at large, see *Fox v. Koehnig,* 190 Wis. 528, 209 N. W. 708. This is the logical result of the decisions, and it is good law, as illustrated by this case. Here the dog was not shown to be vicious or mischievous."

To the same effect is *Sanders v. Teape,* 51 Law Times Rep. 263, where a large dog of defendants in playfulness jumped over a wall between the defendants' and the adjacent premises and lit on and injured a workman who was working at the bottom of a hole ten feet deep adjacent to the wall. It was held that, so far as the defendants were concerned, "the occurrence was purely accidental and involuntary," and that no action lay against them. The instant case, like the *Koopman Case,* as to the owner of the dog, was submitted to the jury on the theory that the statute above quoted was applicable. As the owner is not appealing, her case is not before us. But as to the respondent, there being no evidence that the dog was either vicious or mischievous, and the injury having resulted, as far as the evidence shows, from an "innocent act" of the dog, to quote the phrase from the *Koopman Case,* the respondent's liability, if any, rests upon his negligence, and there is no evidence showing negligence on his part.

(3) It is claimed that the respondent, being the keeper of the dog, is responsible for the injuries committed by it because the dog had no license. There is no causal connection

between the want of a license and the injury. Having a license does not change a dog's disposition or traits, or at all affect the reasonable anticipation or causation essential to actionable negligence.

(4) It is also claimed that the respondent is responsible for the injuries of plaintiff because of an ordinance of the village of Shorewood. The only portions of the ordinance that could in any view bear upon this point are as follows:

"Owners includes any person owning, harboring or keeping a dog.

"At large means to be off the owner's premises and not under the control of the owner or a member of his family over twelve years of age either by leash or otherwise.

"No unlicensed dog shall be at large and any person may seize and impound it.

"No licensed dog shall be off the premises of its owner unless muzzled or upon a leash or accompanied by and under the control of the owner or a member of the owner's immediate family over twelve years of age."

Violation of this ordinance, if it was violated, only bears upon the proposition of responsibility upon common-law principles of one who under the ordinance is the owner of a dog that causes injury. This point is sufficiently covered above.

*By the Court.*—The judgment of the circuit court is affirmed.

FRITZ, J. (*concurring*). Although I concur in the ultimate conclusion affirming the judgment, I do not agree with the statement in the opinion filed for the court, that it must be held that the respondent, A. J. Conroy, was the "keeper" of the dog at the time of the happening of the accident, which caused plaintiff's injury. That occurred in a public park to which the respondent's daughter, who owned the dog, had taken it from the respondent's premises, and

thereby terminated, for the time being, his custody and domination, in the exercise of her superior right to the exclusive possession and control of the dog. Under those circumstances the following propositions were applicable:

"Where the keeper is not the owner, it may be assumed, as a general proposition, that the dominion or authority of the keeper over the dog is a limited one, subject to be terminated at any time by the owner. In the absence of special circumstances, the owner may terminate the dominion of the keeper over the dog at any time and remove the dog from the custody of the keeper. The moment that is done, the dual authority theretofore exercised over the dog by the owner and the keeper is merged in the owner, and at that very moment the keeper's rights and responsibilities concerning the dog are at an end." *Janssen v. Voss,* 189 Wis. 222, 224, 207 N. W. 279.

Therefore, in the case at bar, as was held in the *Janssen Case,* when the owner personally took exclusive possession, custody, and control of her dog, she thereby *ipso facto* and *instanter* became, in fact and in law, its sole keeper for the time being; and the parent's custody and liability for its conduct ceased immediately. That rule should be deemed particularly applicable when the accident occurred at a place to which the owner had taken her dog, and in respect to which there existed no duty or responsibility on the part of the person from whom recovery is sought for the dog's misconduct.

The following opinion was filed February 9, 1937:

FOWLER, J. (*on motion for rehearing*). The appellant moves for a rehearing. Nothing new is presented on the merits, but the movant urges what was mentioned in the original brief, but not in the opinion of the court, that the respondent owner of the dog cannot uphold the judgment on the ground that the evidence does not show the dog was "mischievous" because he filed no motion for review. Counsel relies in support of the contention on sec. 274.12, Stats.

The statute itself refutes appellant's contention. The provision relied on relates to rulings of which the respondent complains. It applies only to rulings on the trial which were adverse to the respondent, not to rulings which were in his favor. Here the respondent is not complaining of any ruling of the trial court. The ruling that upon the evidence the action should be dismissed as to the respondent was in the respondent's favor. The respondent is merely relying on a ground in support of the ruling of the trial court in his favor that the trial court did not consider. This he has a right to do. *Falkenstern v. Greenfield,* 145 Wis. 232, 237, 130 N. W. 61; *Jeffers v. Green Bay & Western R. Co.* 148 Wis. 315, 322, 134 N. W. 900; *Haswell v. Reuther,* 171 Wis. 228, 177 N. W. 8. The provision for review relied upon was enacted by sec. 8, ch. 219, Laws of 1915. The two cases first above cited were decided before the enactment, but the last was decided five years thereafter. Of like effect is *Estate of Koch,* 148 Wis. 548, 134 N. W. 663.

The cases below referred to are cited by appellant in support of her contention that rulings of a trial court cannot be reviewed by a respondent except on motion to review. They are not in point as the rulings involved were in each case adverse to the respondent. *Hayes v. Roffers,* 217 Wis. 252, 258 N. W. 785; *Kaczmarski v. F. Rosenberg Elevator Co.* 216 Wis. 553, 257 N. W. 598; *Noll v. Nugent,* 214 Wis. 204, 252 N. W. 574; *Vinogard v. Travelers Protective Asso.* 217 Wis. 316, 258 N. W. 787; *Clifton v. Smith,* 188 Wis. 560, 206 N. W. 923.

The motion is denied with $25 costs to respondent.