# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

CALEB N. JONES, an individual,

                Appellant.

       v.

DEBORAH HOWE, an individual,
ALBERT WILLIAM LEBER, an individual,

                Respondents.

No. 59227-4-II

UNPUBLISHED OPINION

PRICE, J. — Caleb N. Jones sued Albert William Leber for injuries resulting from a dog bite. After the jury found for Leber, Jones appeals. He argues that the trial court (1) erred by giving the jury an improper jury instruction that misapplied RCW 16.08.040, (2) erred by excluding witness testimony that he sought to present at trial, and (3) abused its discretion by denying his motion for a new trial. We affirm.

## FACTS

In October 2011, Jones was badly injured when he was bitten by a dog. The dog's owner, Deborah Howe, was the only person in possession of the dog at the time of the incident. The incident led to an animal control hearing, after which the hearing examiner determined that the dog was not a dangerous animal and dismissed the case.

Jones subsequently filed a civil suit for damages against Howe and Leber, Howe's live-in boyfriend at the time. Jones' complaint included a claim under RCW 16.08.040 for strict civil liability of dog owners.

Leber denied liability, contending that he was not the owner of the dog, Howe was. Leber alleged that Howe had paid for the dog, took care of the dog, and paid for the dog's expenses. Leber acknowledged that when he lived with Howe as a couple, he had helped take care of the dog. But Howe had since moved out and took the dog with her.

The issue of Leber's liability to Jones went to a jury trial.

I. TRIAL TESTIMONY

On the second day of trial, Jones called Leber as a witness. Leber testified about a variety of topics, including the earlier animal control hearing. Leber stated that he attended the hearing along with other individuals to support Howe. Leber said that he did not know everyone who attended, but Howe's mother, Howe's friend Mary Kennedy, Kevin Leib, and some other friends were there.

Jones also called Leber's friend, Leib as a witness. Jones asked Leib about a variety of topics, including his knowledge of the dog's demeanor and Leber's relationship to the dog.

Then, before the trial resumed on the fourth day, Jones apparently approached his attorney and opposing counsel and explained that the night before, he had exchanged messages with Mary Kennedy. According to Jones, Kennedy said that both she and Leib were willing to testify that they were *not* at the animal control hearing. Based on this information, Jones told the lawyers he wanted to call Kennedy as a witness and to recall Leib. Jones would later file an affidavit that said

both lawyers refused. Jones rested his case without the issue of presenting Kennedy and Leib's testimony being raised to the trial court.

Later that day, Leber presented his defense case and then rested. Jones did not present any rebuttal. He made no attempt on the record to call Kennedy or to recall Leib for additional testimony.

II. JURY INSTRUCTIONS AND VERDICT

The trial court conferred with the parties about the proposed jury instructions. The parties came to an agreement on all instructions, except one related to defining an "owner" of a dog. Consistent with the claim in his complaint, Jones proposed an instruction based on Washington's dog bite strict civil liability statute, RCW 16.08.040; the proposed instruction read as follows:

> A Washington statute provides that:
>
> The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

Clerk's Papers (CP) at 458.

Leber proposed an alternative instruction with the same language, but with an additional sentence: "The term 'owner' does not include persons who are mere keepers or possessors of a dog." CP at 462. Leber argued that, although this additional language was not expressly included in the statute, it was consistent with the legislative intent of the statute as held in *Beeler v. Hickman*, 50 Wn. App. 746, 752, 750 P.2d 1282 (1988).

Jones opposed the inclusion of this additional sentence because he thought that it would be confusing to the jury given his trial strategy. He also contended that this additional sentence was

not used by trial courts in other cases involving RCW 16.08.040 and that *Beeler* was a Division Three case. Jones otherwise made no argument about the applicability of *Beeler* or if the instruction conflicted with any other sources of law like municipal codes or the common law.

After considering the arguments from both parties and based on its reading of *Beeler*, the trial court decided to include the additional sentence proposed by Leber with only a slight alteration (the removal of the word "mere" from "mere keepers or possessors of a dog" in the last sentence). 3 Verbatim Rep. of Proc. (Sept. 27, 2023) at 428. The trial court's final jury instruction 8 read as follows:

> The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.
>
> The term "owner" does not include persons who are keepers or possessors of a dog.

CP at 479.

After closing arguments, the jury reached a verdict in favor of Leber, finding that he was not the owner of the dog and was not liable to Jones for his injuries.

III. MOTION FOR A NEW TRIAL

Following the jury verdict, Jones filed a motion for a new trial under CR 59. Jones argued he was entitled to a new trial because testimony from Kennedy and Leib would have proven that Leber was untruthful when he said that they were at the animal control hearing. Jones' only explanation for why he had failed to offer this testimony at trial either during his case in chief or in rebuttal was that his attorney declined his request. The trial court denied the motion.

Jones appeals.

4

ANALYSIS

Jones argues that the trial court erred by (1) giving jury instruction 8, (2) excluding two witnesses that he wanted to present at trial, and (3) denying his motion for a new trial, which was based on the trial court's exclusion of these two witnesses. We affirm the trial court.

I. JURY INSTRUCTIONS

Jones argues that jury instruction 8 was improper because "[t]he trial court's interpretation of the dog bite liability statute [(RCW 16.08.040)] directly contradict[s] [the statute's] original intent." Appellant's Opening Br. at 16.

We review alleged errors of law in jury instructions de novo. *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 635, 244 P.3d 924 (2010). Jury instructions that contain incorrect statements of the law are reversible if they prejudice a party. *Id.*

RCW 16.08.040 holds dog owners strictly liable in a civil suit if their dog bites someone, regardless of if the owner knew about the dog's "viciousness" or "former viciousness." While the statute does not define "owner," we have held that within the context of this statute, a dog's "owner" does not include a dog's keepers or possessors. *Beeler*, 50 Wn. App. at 752.

In *Beeler*, we held that because RCW 16.08.040 creates strict liability (with no knowledge requirement of a dog's dangerous or vicious propensities), the legislature intended that liability should be more limited than the common law. *Id.* at 751-52. Dog bite liability under the common law broadly imposes liability on not just dog owners, but also on harborers, keepers, and possessors of dogs. *Id.* However, the common law is not strict liability; it requires prior knowledge of a dog's dangerous demeanor. *Id.* at 751. Contrasting this common law to the *strict* liability created by RCW 16.08.040, the *Beeler* court reasoned that the legislature's choice to use the word "owner"

was purposeful and intended to shield "mere keepers or possessors" from this increased level of liability under the statute. *Id.* at 751-52.

But even though "mere keepers or possessors" are not included in the definition of "owner" under RCW 16.08.040, the *Beeler* court also clarified that an "owner" is not limited to a dog's purchaser. *Id.* at 752-53. According to *Beeler*, whether a person is a dog owner under the RCW 16.08.040 is a question of fact—relevant considerations for which include whether the purchaser of the dog relinquished ownership or if they intended to reclaim the dog in the future, or whether the nonpurchaser had exclusive possession of the dog for an extended period of time. *Id.*

Here, Jones argues that the trial court erred by including the sentence, " 'The term owner does not include persons who are keepers or possessors of a dog' " in instruction 8. *See* Appellant's Opening Br. at 16 (quoting CP at 479); Reply Br. at 24 (quoting CP at 479). First, he argues that this additional sentence contradicts another provision, RCW 16.08.070. Second, he suggests that *Beeler* is inapplicable by distinguishing its facts; Jones claims that the parties in *Beeler* had a different relationship with their dog than did Howe and Leber.[1]

---

[1] In his reply brief, Jones cites to several additional cases regarding dog bite liability, but he fails to explain how or why these cases apply here. The first two cases involved dog owner liability under Wisconsin law, and Jones makes no effort to show that the Wisconsin statutes are similar to Washington law. *See Pawlowski v. Am. Family Mut. Ins. Co.*, 322 Wis. 2d 21, 777 N.W.2d 67 (2009); *Koetting v. Conroy*, 223 Wis. 550, 270 N.W. 625 (1936). We are unpersuaded that these cases have any relevance. *See Rhoad v. McLean Trucking Co., Inc.*, 102 Wn.2d 422, 429, 686 P.2d 483 (1984) ("Case law from other jurisdictions is persuasive only if those jurisdictions have a similar statutory scheme . . . ."). The third case, from Division Three, involved an interpretation of Spokane County Code 5.04.070(6). *Spokane County v. Bates*, 96 Wn. App. 893, 982 P.2d 642 (1999), *review denied*, 139 Wn.2d 1023 (2000). Here, too, Jones fails to explain the relevance of the Spokane County Code to his claim made under RCW 16.08.040.

We are unpersuaded that instruction 8 was error.[2]  First, RCW 16.08.070, the statute that he claims contradicts the instruction, is irrelevant to RCW 16.08.040.  Section .070 is part of Washington's "dangerous dog statutes" (RCW 16.08.070-.100), which involve criminal liability for owners and potential destruction of the animals.  *See Clemmons v. Fidler*, 58 Wn. App. 32, 36, 791 P.2d 257, *review denied*, 115 Wn.2d 1019 (1990).  The language in section .070 provides that absent specific exception, its definitions, including its definition of owner, are limited to claims made under the "dangerous dog statutes."  *See* RCW 16.08.070.  RCW 16.08.040 pertains to a completely different issue—strict civil liability for dog owners.  As noted above, Jones' complaint included a claim under RCW 16.08.040, but not a claim under the dangerous dog statutes.  Therefore, RCW 16.08.070 has no relevance to Jones' claims in this lawsuit (or to instruction 8).  *See Clemmons*, 58 Wn. App. at 36-37; *Beeler*, 50 Wn. App. at 752.  Accordingly, we reject Jones' argument based on an alleged conflict with RCW 16.08.070.

Second, Jones' attempt to urge the inapplicability of *Beeler* to this case fails.  Jones only identifies differences in the facts about the parties between his case and *Beeler*.  He offers no analysis of why *Beeler*'s interpretation of the legislative intent of RCW 16.08.040 was not

---

[2] Leber characterizes Jones' argument as being that instruction 8 was error because it did not include Gig Harbor Municipal Code 6.04.020 and RCW 16.08.070.  And because Jones failed to mention either of these authorities to the trial court, Leber argues Jones has not preserved his argument for appeal.  We do not view Jones' argument on appeal so narrowly.  Jones clearly objected to the instruction below for its inclusion of the last sentence.  On appeal, Jones continues to argue that the second sentence "contradicted" the "original intent" of dog bite liability law.  Appellant's Opening Br. at 16.  We agree, based on Jones' argument to the trial court that any relevance of Gig Harbor Municipal Code was not preserved.  But we view Jones' general arguments about the legal accuracy of instruction 8 as sufficiently close to his counsel's presentation below to consider their merits.

accurate. He also provides no analysis of why the trial court's decision to include the additional sentence in instruction 8 was inconsistent with that legislative intent. Simply put, *Beeler* made a legal determination that the legislature intended a dog's "owner" within the meaning of RCW 16.08.040 to be limited and not include a dog's keeper or possessor. 50 Wn. App. at 752. Jones does not explain how any factual differences between the parties are relevant to this question of law. Accordingly, Jones has failed to show that instruction 8 was contrary to the law.[3]

II. EXCLUSION OF WITNESS TESTIMONY

Jones next claims that the trial court erred by excluding important witness testimony that he sought to present at trial. Because Jones never raised this issue before the trial court, it is not preserved for appeal.

We generally only review errors raised before the trial court. *See* RAP 2.5(a). With few exceptions, only claims alleging lack of trial court jurisdiction, failure to establish facts upon which relief can be granted, or manifest constitutional error may be raised for the first time on appeal. *Id.* For an error to be "raised before the trial court," the issue must have been adequately argued so as to "afford[ ] the trial court an opportunity to rule correctly on a matter before it can be presented on appeal." *See State v. Lazcano*, 188 Wn. App. 338, 356, 354 P.3d 233 (2015), *review denied*, 185 Wn.2d 1008 (2016). "The rule serves the goal of judicial economy by enabling trial courts to correct mistakes and thereby obviate the needless expense of appellate review and further

---

[3] In his reply brief, Jones appears to make the additional argument that somehow instruction 8 is incorrect because Leber is also liable under common law. While Jones' initial complaint appeared to include a common law claim, our record does not show that any such claim was ever raised to the trial court, and Jones did not propose any jury instruction related to a common law claim. Thus, this argument is not preserved for appeal. RAP 2.5(a).

trials, facilitates appellate review by ensuring that a complete record of the issues will be available, and prevents adversarial unfairness by ensuring that the prevailing party is not deprived of victory by claimed errors that he had no opportunity to address." *Id.*

Jones argues that the trial court erred by excluding testimony he sought from Kennedy and Leib. Jones contends that these witnesses would have undermined the credibility of Leber because both witnesses supposedly would have testified they did not attend the animal control hearing (when Leber said they did). Jones contends that this exclusion "was a violation of [his] constitutional rights, including the right to a fair trial." Appellant's Opening Br. at 15.[4]

However, Jones never made a request to the trial court to introduce these witnesses during the trial. He never disclosed Kennedy as a witness to the trial court, and he chose not to recall Leib as a witness. And, despite the opportunity to offer witnesses in rebuttal, Jones chose not to present a rebuttal case. Even assuming Jones discussed these witnesses with the attorneys, no request was made to the trial court, which is required to avoid the limitations imposed by RAP 2.5(a).

---

[4] In his reply brief, Jones raises for the first time that Leber's motions in limine 27 and 28 prevented him from offering rebuttal. Notwithstanding that this particular argument was made the first time in a reply brief, it still fails. Motion in limine 27 prevented "[e]vidence or testimony regarding testimony at the animal control hearing by an alleged non-party relating to alleged prior bite and/or dog ownership." CP at 364. Thus, this in limine ruling only prevented Jones from introducing hearsay testimony that otherwise would have been precluded by the evidence rules. *See* ER 802. It certainly would not have prevented the direct testimony from Kennedy or Leib about whether they attended the animal control hearing. And motion in limine 28, which was agreed to by both parties, merely prevented witnesses from being called in rebuttal that should be called in the plaintiff's case in chief. Jones calls these motions in limine "deceitful" and an "obvious" attempt to preclude his "ability to rebuttal." Reply Br. at 18, 21. But, here again, Jones never raised these concerns to the trial court and, thus, his argument is not preserved for appeal. RAP 2.5(a).

Nor do we see a viable exception to RAP 2.5(a) in this issue. Although Jones vaguely argues that the exclusion violated his due process rights, raising the potential of a manifest constitutional error, he cites no authority to support this contention. *See DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). Moreover, the fact remains, the trial court never excluded these witnesses. Accordingly, we decline to consider Jones' argument related to the exclusion of witnesses.

## III. MOTION FOR A NEW TRIAL

Finally, based on the alleged "exclusion" of witnesses Kennedy and Leib, which Jones contends prevented his ability to prove Leber was untruthful in his testimony, Jones argues that the trial court erred when it denied his motion for a new trial.

We review a trial court's denial of a motion for a new trial for an abuse of discretion. *Lian v. Stalick*, 106 Wn. App. 811, 823-24, 25 P.3d 467 (2001). " 'A trial court abuses its discretion when it makes a decision that is manifestly unreasonable, or based on untenable grounds or reasons.' " *Id.* at 824 (quoting *Kohfeld v. United Pac. Ins. Co.*, 85 Wn. App. 34, 40, 931 P.2d 911 (1997)).

Here, because Jones' motion for a new trial was rooted in the exclusion of testimony that was never actually offered by Jones during the trial, it was not manifestly unreasonable or untenable for the trial court to deny his motion. Accordingly, Jones has not shown the trial court abused its discretion.

No. 59227-4-II

## CONCLUSION

We affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

LEE, J.